JAMES C. COLBEY, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

1. Where one stealthily filches loose property from the pocket of another, and no more force is used than such as may be necessary to remove the property from the pocket, such acts do not constitute robbery under section 2398, Revised Statutes.

2. If one struggle with another in an effort to overpower him for the purpose of taking money from his pocket there is sufficient force to constitute the taking robbery under section 2398, Revised Statutes, but if the object be to furtively abstract money from the other's pocket and upon being detected force is used only in an effort to escape or to avoid arrest, the offense is not robbery.

This case was decided by Division B.

Writ of error to the Criminal Court of Record for Duval county.

The facts in the case are stated in the opinion of the court.

*Pope & Pope* for plaintiff in error.

*J. B. Whitfield,* Attorney-General, for the State.

CARTER, P. J.—In January, 1903, plaintiff in error was convicted in the Criminal Court of Record of Duval county upon an information charging him with an attempt to commit the crime of robbery. The information is somewhat inartificial and its sufficiency was questioned by a motion in arrest of judgment, but the evidence being in the opinion of the court wholly insufficient to support the verdict, and not likely to be different upon another trial, and the question of its sufficiency being properly presented by the assignment of error based upon the ruling denying the motion for a new

trial, it is not deemed essential to consider any other question.

From the evidence it appears that the alleged offense was committed on Thanksgiving night during Gala Week on November 27th, 1902, in the city of Jacksonville, upon a street so crowded with people that one could not pass without coming in contact with others. Bousman, the prosecuting witness, testified that he and one Davidson were passing along the street when their attention was attracted to a fight in the street and a crowd rushing in that direction; that they were borne along with the crowd and while being pushed and jostled by the crowd he felt the defendant's hand in his pocket; that he caught the arm or hand and held it, calling to Davidson, who was several feet away, that his pocket was being picked and to come to his assistance; that Davidson came and took hold of the defendant whose hand was still in Bousman's pocket and delivered him into the custody of a policeman, and that he, Bousman, had $14.80 in his pocket in paper and silver money. Davidson testified that he was several feet away when Bousman called him, but could see Bousman and the defendant together, looked like they were clinched, and that Bousman had hold of the defendant.

The policeman testified that he heard Bousman calling out from the crowd for a policeman; that he saw Bousman clinched with the defendant, and they appeared to be tussling with each other. This constitutes all the testimony tending to show the defendant guilty of a criminal offense.

The court is of opinion that this testimony does not sustain the conviction had in this case. Had the defendant succeeded in securing the money in Bousman's pocket, the facts would not sustain a conviction for robbery. Our statute, section 2398, Revised Statutes, provides that "whoever by force, violence or assault, or putting in fear, feloniously robs, steals and takes from the person of another money or other property which may be the subject of larceny

(such robber not being armed with a dangerous weapon) shall be punished," etc. The evidence does not disclose such force, violence, assault or putting in fear as is contemplated by the statute, but merely an attempt to furtively abstract from the pocket of Bousman money or other valuables suppose to be contained therein. This might constitute an attempt to commit larceny, but not robbery. Where one stealthily filches loose property from the pocket of another and no more froce is used than such as may be necessary to remove the property from the pocket, it is not robbery under the statute, but larceny. *Territory v. McKern,* 2 Idaho, 759, 26 Pac. Rep. 123. See, also, the cases cited below.

From the evidence it appears that after Bousman became aware that defendant's hand was in his pocket, he caught the defendant by the arm calling upon Davidson and a policeman for assistance, and that a struggle ensued in which the parties clinched. If the defendant struggled or clinched with Bousman in an effort to overpower him for the purpose of enabling him to secure the money in the pocket, there would be such force as the statute contemplates, but the force used merely in an effort to escape from the grasp of Bousman or to avoid arrest would not be such force as is contemplated by the statute. We think the testimony shows clearly that the tussling or clinching spoken of by the witnesses occurred in an effort to escape from Bousman and to avoid arrest, and not in an effort to secure the property. The testimony does not, therefore, support the conviction for an attempt to rob, and the court below erred in denying the motion for a new trial. *Hanson v. State,* 43 Ohio St. 376, 1 N. E. Rep. 136; *Brennon v. State,* 25 Ind. 403; *State v. John,* 5 Jones' Law (N. C.) 163, S. C. 69 Am. Dec. 777; *Commonwealth v. Ordway,* 12 Cush. 270; *Rex. v. Gnosil,* 1 Carr. & P. 304; 24 Am. & Eng. Ency. Law, p. 997; 1 McClain Crim. Law, sec. 469.

The judgment is reversed and a new trial awarded.

MAXWELL and COCKRELL, JJ., concur.

TAYLOR, C. J., and HOCKER and SHACKLEFORD, JJ., concur in the opinion.