337 So.2d 407 (1976)
The STATE of Florida, Appellant (State),
v.
Patrick DOUGLAS and Lydia Collins, Appellees (Defendants).
Patrick DOUGLAS and Lydia Collins, Appellants (Defendants),
v.
STATE of Florida, Appellee (State).
Nos. AA-247, AA-354, AA-355.
District Court of Appeal of Florida, First District.
September 23, 1976.
Robert L. Shevin, Atty. Gen., Charles W. Musgrove, Andrew W. Lindsey, Asst. Attys. Gen., for the State.
Reese Marshall, Jacksonville, Richard W. Ervin, III, Public Defender, Michael M. Corin, Louis G. Carres, David J. Busch, Asst. Public Defenders, and Lydia Collins and Patrick Douglas, in pro. per., for appellees and appellants Patrick Douglas and Lydia Collins.
MILLS, Judge.
The State appeals from an order dismissing a count of an information charging Collins and Douglas with robbery. Collins and Douglas appeal from a judgment based on a jury verdict finding Collins guilty of two charges of assault with intent to commit murder in the second degree, and finding Douglas guilty of aggravated battery and assault with intent to commit murder in the second degree. The appeals have been consolidated.
The State contends that the trial court erred in granting the defendants' motion to dismiss the robbery count of the information. We agree. The attorney for the defendants has filed a brief stating that he finds no error in their trial. We agree.
The manager of a food market saw Douglas grab several pieces of meat from the meat counter and drop them into the shoulder bag of Collins. The manager intercepted them as they attempted to depart by the exit at the front of the store. At the request of the manager, they agreed to walk to the rear of the store with him. As they walked toward the rear of the store, Douglas turned and struck the manager. *408 The manager fought back. Collins then drew a knife and began stabbing the manager and an employee who was accompanying him. After the affray, the defendants ran out the front exit where they were apprehended by a police officer. Collins drew a bloody knife which she handed to Douglas which he dropped when the officer threatened to shoot him. They were arrested and at the time of the arrest the meat was found in Collins' shoulder bag. The facts are not in dispute.
Section 813.011, Florida Statutes (1973), under which the defendants were charged with robbery, requires that the property of another be taken by force, violence, assault or putting in fear. The defendants urge that the taking of the meat was not accompanied by force; rather, it was a completed larceny which occurred before the commission of the assaults by the defendants.
The question before us, therefore, is whether a person who finds it necessary to resort to violence in order to escape with the property of another is chargeable with robbery.
The undisputed facts before us are sufficient to support a charge of violence concurrent with the taking of the goods. The taking was not terminated when the defendants took the meat. If the defendants were to enjoy the meat they stole, they had to get it out of the market. But to do this the defendants had to overcome the manager's actions in interfering with their exit from the store. This required the defendants to use force.
Both reason and logic demand that where the owner of property takes action to prevent a thief from taking his goods from his premises, and the thief uses force in an effort to get away with the goods, the thief's use of force is concurrent with the taking and constitutes robbery. State v. Culver, 109 N.J. Super. 108, 262 A.2d 422 (N.J.App.Div. 1970).
The series of events which took place here constituted a single occurrence, and is distinguishable from a situation in which force is used to prevent pursuit after the taking is complete.
The order is reversed and this case is remanded for appropriate action by the trial court.
The judgment is affirmed.
BOYER, C.J., and McCORD, J., concur.