342 So.2d 116 (1977)
Nera MIMS, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-449.
District Court of Appeal of Florida, Third District.
February 8, 1977.
*117 Pollack, Tunkey, Robbins & Leen, Miami, for appellant.
Robert L. Shevin, Atty. Gen., and Joel D. Rosenblatt, Asst. Atty Gen., for appellee.
Before HENDRY, C.J., and PEARSON and HAVERFIELD, JJ.
PER CURIAM.
Nera Mims seeks reversal of her conviction for robbery and sentence to 15 years in the state penitentiary.
The victim, Ms. Fuller, was forced into a car by Mims and driven to a deserted area where Mims grabbed Ms. Fuller's pocketbook. Upon resisting, Ms. Fuller was beaten and pushed out of the car.
For her first point on appeal, Mims argues that the evidence was insufficient to support a conviction of robbery because the larceny took place sufficiently previous to the assault and battery to remove the incident from the penumbra of a robbery charge.
Although purse snatching is not robbery if no more force or violence is used than necessary to physically remove the property from a person who does not resist, if the victim does resist in any degree and this resistance is overcome by the physical force of the perpetrator, the crime of robbery is complete. Adams v. State, 295 So.2d 114, 116 (Fla. 2d DCA 1974). Thus, this point lacks merit.
Mims secondly contends the court erred in refusing to instruct the jury on the crime of assault and battery. We cannot agree.
The information charged a single offense of robbery and in the absence of any allegation contained therein that Mims struck the victim, the trial judge was eminently correct in refusing to instruct the jury on the crime of assault and battery as a lesser included offense of robbery. See State v. Wilson, 276 So.2d 45 (Fla. 1973); Stephens v. State, 279 So.2d 331 (Fla. 2d DCA 1973).
Affirmed.