431 So.2d 1042 (1983)
Keith Alan ANDRE, Appellant,
v.
STATE of Florida, Appellee.
No. 82-560.
District Court of Appeal of Florida, Fifth District.
May 26, 1983.
James B. Gibson, Public Defender, and Michael S. Becker, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Mark C. Menser, Asst. Atty. Gen., Daytona Beach, for appellee.
DAUKSCH, Judge.
This is an appeal from a robbery conviction. The principal question is whether the evidence supports a conviction for robbery or the lesser included offense of theft.
Robbery is defined in section 812.13(1), Florida Statutes, as:
(1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear.
Section 812.13(2)(c), Florida Statutes, defines the lesser of the forms of robbery as:
(2)(c) If in the course of committing the robbery the offender carried no firearm, deadly weapon, or other weapon, then the robbery is a felony of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
Finally, section 812.13(3) described what the legislature meant when it used the words "in the course of committing the robbery" in section 812.13(2)(a), (b) and (c), Florida Statutes, and it says:
(3) An act shall be deemed "in the course of committing the robbery" if it occurs in an attempt to commit robbery or in flight after the attempt or commission.
The facts in this case are that appellant snatched money from the hand of the victim while in the process of discussing a drug deal. When the victim protested and pursued appellant to recover the money, the appellant and his compatriots beat and knocked down the victim and left with the money.
Appellant asserts that the facts in this case do not support a conviction for robbery because he says the only real "force" in this case was inflicted after the taking and that no force, in the robbery sense, was used to *1043 obtain the money. In his argument he asserts: "The taking was swift, complete and without violence."
While appellant is correct in his statement that the initial taking was done without violence, he is incorrect when he concludes that the only crime proved was larceny. Appellant is wrong for two reasons. First, because the definition of robbery does not limit itself to "violence" but also includes "force;" the act of "snatching" the money from another's hands is force and that force will support a robbery conviction. McCloud v. State, 335 So.2d 257 (Fla. 1976). In McCloud, our supreme court said "[a]ny degree of force suffices to convert larceny into robbery." The court expressed the distinction between larceny and robbery by saying that a pickpocket commits larceny but a purse-snatcher commits robbery. The court pointed out that the robber "gained possession of his victim's purse not by stealth, but by exerting physical force to extract it from her grasp." In the instant case, appellant also used physical force to extract the money from his victim's grasp, albeit not the same amount of force as in McCloud. The second reason appellant is wrong when he asserts the jury could not legally find him guilty of robbery is because the statutory definition of robbery includes not only the act of forcibly taking, but it also includes the use of force "in flight after ... the commission."
A person commits the crime of robbery if it is proved he used any degree of force (or violence, or assault, or putting in fear) against another in order to wrongfully take money (or any property which is the subject of larceny). Appellant did this by snatching the money, by striking the victim shortly thereafter, and by beating the victim after the taking and while leaving with the money.
The judgment is affirmed.
AFFIRMED.
ORFINGER, C.J., and FRANK D. UPCHURCH, Jr., J., concur.