436 So.2d 244 (1983)
Thomas STUFFLEBEAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 81-2250.
District Court of Appeal of Florida, Third District.
July 12, 1983.
Rehearing Denied September 6, 1983.
Bennett H. Brummer, Public Defender, and Stuart Gitlitz, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Calianne P. Lantz, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and FERGUSON, JJ.
FERGUSON, Judge.
Appellant presents two issues by this appeal. The first issue is whether a question asked by the prosecutor during voir dire examination constituted an improper comment on the defendant's right to remain silent. On this point no reversible error is shown. Gosney v. State, 382 So.2d 838 (Fla. 5th DCA 1980).
The second question  whether violence or intimidation must precede or be contemporaneous with a taking of property in order for there to be a robbery  merits discussion because there appears to be no Florida case which generally defines contemporaneous violence.
At a jury trial the state's evidence of the pertinent facts consisted of the following. The victim, John Campbell, was painting in Bayfront Park with a cassette radio beside him. The appellant and a companion took the radio and fled with Campbell in pursuit. After a chase of one to two minutes Campbell caught up with the two. Appellant produced a knife and Campbell backed away. There followed a "discussion" during which Campbell demanded the return of the radio, which demand was refused by appellant. Appellant and his companion walked away. Campbell was frustrated in *245 his attempt to continue the pursuit by automobile.
At the conclusion of the state's case, appellant moved for a judgment of acquittal on the ground that "the state had failed to prove the crime of robbery in that they had failed to prove that the taking in the instant case was accomplished through the use of force."[1]
Appellant urges that State v. Douglas, 337 So.2d 407 (Fla. 1st DCA 1976), cert. denied, 348 So.2d 946 (Fla. 1977), relied upon by the state, actually supports his position.
In Douglas, the manager of a food market intercepted the defendants, one of whom he had seen drop merchandise into a shoulder bag as they attempted to exit the store. At the manager's request the defendants agreed to walk to the rear of the store with him. As they proceeded to the rear of the store the defendants suddenly assaulted the manager then ran out of the store with the goods. The court made a point of the fact that the taking of the meat would not have been complete until the defendants got out of the store. The Douglas court phrased the question before it as "whether a person who finds it necessary to resort to violence in order to escape with the property of another is chargeable with robbery." 337 So.2d at 408. The question was answered affirmatively, but the decision limited its application to the facts presented, distinguishing the case from a situation where force is used to prevent pursuit after the taking  precisely the situation presented by this case.
We agree with the issue as framed and decided by the Douglas court but see no reason why the decision should be limited to the peculiar facts of that case. Whether the offense is a robbery rather than a larceny should not turn on the fortuitous circumstance that, owing in part to the victim's quick reaction, the taker is required to use force in order to make good his escape with the property before getting outside the building where the property is located (which might also suggest, unreasonably, that the offense could not have been committed in an outdoor market).
The state's position, that a robbery occurred because an assault was committed by defendant to prevent the victim's further pursuit after the taking, is clearly supported by Section 812.13(3), Florida Statutes (1981)[2] which provides that: "[a]n act shall be deemed `in the course of committing the robbery' if it occurs in an attempt to commit robbery or in flight after the attempt or commission." [e.s.]. Section 812.13(3) changes the common law rule that in order for there to be a robbery, violence or intimidation must precede or be contemporaneous with the taking of property, and may not be used only in an effort to escape, Colbey v. State, 46 Fla. 112, 35 So. 189 (1903). Pursuant to the new statute, force or threat of force is considered to be contemporaneous with the taking if that force or threat of force is used to overcome a victim's resistance to an attempted asportation.[3]
*246 Our view of this case is supported by considerable authority. See People v. Anderson, 64 Cal.2d 633, 51 Cal. Rptr. 238, 414 P.2d 366 (1966) (if one who has stolen property from the person of another uses force or fear in removing the property from the owner's immediate presence, the crime of robbery has been committed); People v. Kennedy, 10 Ill. App.3d 519, 294 N.E.2d 788 (App.Ct. 1973) (while the taking may be without force the offense is robbery if the departure with the property is accomplished by use of force); People v. Sanders, 28 Mich. App. 274, 184 N.W.2d 269 (Ct.App. 1970) (woman who saw defendant run from her house with her purse and bag of money called for help; her grandson, who pursued defendant, gave up chase when defendant fired a gun); Hermann v. State, 239 Miss. 523, 123 So.2d 846 (1960) (defendants asked service station to fill up gas tank, then displayed a rifle in a threatening manner and drove away without paying); State v. Bell, 194 Neb. 554, 233 N.W.2d 920 (1975) (defendant took cash register from service station while attendant's back was turned, threw it into automobile and attempted to drive off; pursuing attendant stuck his hand through automobile window and was struck and pushed from moving vehicle). Three other states, Oregon,[4] Maine[5] and New York,[6] have enacted statutes similar to the Florida statute which define as an act of robbery, the use of force to unlawfully retain property after a taking.
We hold that where an offender gains possession of property of another without force and with intent to deprive the true owner of its use, but the victim gives instant and uninterrupted protest or pursuit in an effort to thwart a taking, and the offender then assaults the victim in order to complete a taking of the property and make good an escape, the offense is robbery. This construction of Section 812.13, supra, we think, is precisely what the legislature intended.
Affirmed.
BASKIN, Judge, dissenting in part.
I disagree with the majority holding that the theft of property constitutes robbery even though the perpetrator used no force or intimidation to gain possession. The majority is disdainful of and declines to follow existing Florida law requiring that precedent or contemporaneous force or fear be established to prove the crime of robbery. See e.g., McCloud v. State, 335 So.2d 257 (Fla. 1976); Montsdoca v. State, 84 Fla. 82, *247 93 So. 157 (1922); E.Y. v. State, 390 So.2d 776 (Fla. 3d DCA 1980) (Baskin, J., dissenting); Mims v. State, 342 So.2d 116 (Fla. 3d DCA 1977). We are, nevertheless, required to apply Florida law. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973).
The principle enunciated in Colbey v. State[*], 46 Fla. 112, 35 So. 189 (1903) controls. In Colbey, the defendant, caught with his hand in his victim's pocket, struggled in an effort to escape. Overturning Colbey's attempted robbery conviction, the court stated:
If the defendant struggled or clinched with Bousman in an effort to overpower him for the purpose of enabling him to secure the money in the pocket, there would be such force as the statute contemplates, but the force used merely in an effort to escape from the grasp of [the victim] or to avoid arrest would not be such force as is contemplated by the statute.
46 Fla. at 114, 35 So. at 190. Similarly, in the case under consideration, defendant Stufflebean gained possession of the radio without using any "force, violence, assault or putting in fear."
The Colbey court noted:
Where one stealthily filches loose property from the pocket of another and no more force is used than such as may be necessary to remove the property from the pocket, it is not robbery under the statute, but larceny.
46 Fla. at 114, 35 So. at 190. Accordingly, taking a radio with no more force than is necessary to remove it from the bench constitutes larceny, not robbery.
Florida applies the generally accepted rule on the use of force to effect an escape.
The violence or intimidation must precede or be concomitant or contemporaneous with the taking. Hence, although the cases are not without conflict, the general rule does not permit a charge of robbery to be sustained merely by a showing of retention of property, or an attempt to escape, by force or putting in fear. The above doctrine has found frequent application where force or intimidation has been exercised after the property came into the defendant's hands through stealth... .
67 Am.Jur.2d, Robbery, § 26 (1973). Thus, "subsequent force cannot relate back to the act of taking so as to be considered force accompanying the act, ... violence or intimidation subsequent to a taking by other means will not render the act robbery." 77 C.J.S., Robbery, § 11 (1952).
The majority's interpretation of section 812.113(3) is misguided. The definition of robbery has not been changed by the legislature. An examination of the title of a bill offers guidance in the determination of legislative intent. Parker v. State, 406 So.2d 1089 (Fla. 1981). The title of the robbery statute, Chapter 74-383, Laws of Florida, describes the law as "An Act relating to the criminal law ... defining the crimes of and providing the penalties for robbery... ." The common law definition of robbery, set forth in subsection (1) of section 812.13, has remained unchanged since the days of Blackstone. Subsection (2) provides the penalties for robbery. The title of the act establishes that these provisions are separate. Only subsections 2 and 3 contain the phrase "in the course of committing the robbery." Subsection 3 is clearly directed to the sentencing portion of the statute and not to the subsection which defines the crime of robbery; thus subsection 3 is not part of the definition. I therefore disagree with the majority that force used in an effort to flee from a larceny converts a larceny followed by an assault into robbery.
The statutes cited by the majority in advocating a new rule of law were enacted by the legislatures in other states; the Florida legislature, however, has not undertaken a similar course. The fact that other states have enlarged their robbery statutes to include those situations where force is used after the taking reinforces the position that Florida's more limited statute does not authorize Stufflebean's conviction for robbery. The legislature is empowered to define *248 crimes; the court plays a different role. Unless an act clearly comes within the terms of the statute, it cannot be punished under the statute. Bradley v. State, 79 Fla. 651, 84 So. 677 (1920). Because I believe it is inappropriate for this court to legislate and because the courts of Florida have already reached a contrary conclusion, I must dissent. In my view the offense constituted a theft under Florida law. I would therefore reduce the conviction to theft.
I concur in the remainder of the opinion.
NOTES
[1] The applicable statute is Section 812.13, Florida Statutes (1981), which provides:

(1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear.
* * * * * *
(2)(b) If in the course of committing the robbery the offender carried a weapon, then the robbery is a felony of the first degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
* * * * * *
(3) An act shall be deemed "in the course of committing the robbery" if it occurs in an attempt to commit robbery or in flight after the attempt or commission.
[2] Section 812.13(3), Florida Statutes (1981) was enacted in 1974 as part of Chapter 74-383, Laws of Florida, and took effect on July 1, 1975.
[3] In Andre v. State, 431 So.2d 1042 (Fla. 5th DCA 1983), the appellant, without warning or threat, snatched money from the hands of a victim while in the process of discussing a drug deal. When the victim protested and pursued appellant to recover the money, the appellant and his compatriots beat and knocked down the victim and left with the money. The court affirmed a robbery conviction on two grounds: (1) the act of snatching the money from the hand of the victim was sufficient force to support a robbery conviction, and (2) "the statutory definition of robbery... also includes the use of force `in flight after ... the commission.'" 431 So.2d at 1043.

While we agree with the result in Andre, we do not agree that the first rationale alone is sufficient. McCloud v. State, 335 So.2d 257 (Fla. 1976) offers no support for the proposition, stated in Andre v. State, that "the act of `snatching' the money from another's hands is force and that force will support a robbery conviction." 431 So.2d at 1043. In McCloud, the defendant employed force to wrestle a purse from the possession of a resisting victim. A purse-snatching is not robbery if no more force or violence is used than is necessary to physically remove the property from a person who does not resist. Mims v. State, 342 So.2d 116 (Fla. 3d DCA 1977). The robbery conviction in Andre is sustainable on the second ground alone, i.e., that the victim's immediate resistance to the taking of his property, which taking was not complete on the mere snatching, was overcome by defendant's violent force.
[4] In State v. Rios, 24 Or. App. 393, 545 P.2d 609 (Ct.App. 1976), the defendant took several bottles of beverages from a cooler in a grocery store, went out the door without paying, then threw two bottles at the pursuing store operator. The court held that the use of force to retain property immediately after it had been taken constituted robbery within the meaning of a statute defining robbery to include the use of force at such time.
[5] In State v. Young, 390 A.2d 1056 (Me. 1978), the Supreme Judicial Court of Maine held, pursuant to a statute defining the use of force in retaining property as an element of robbery, that where there was evidence that a store owner seized the defendant as he was leaving the store carrying unpaid beer, and defendant turned and struck the owner, the jury could reasonably have found that defendant struck owner with intent to prevent him from recovering the stolen beer.
[6] In People v. Santiago, 62 A.D.2d 572, 405 N.Y.S.2d 752 (App.Div. 1978), the court held that by state statute it is still robbery where physical force is used immediately after the taking for the purpose of retaining the stolen property.
[*] Cited as Colby v. State in the Southern Reporter.