**STATE of Utah, Plaintiff and Respondent,**

v.

**Charlie P. ULIBARRI, Defendant and Appellant.**

No. 18489.

Supreme Court of Utah.

July 22, 1983.

Jo Carol Nesset-Sale, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant was convicted by the trial judge, sitting without a jury, of robbery.[1] He appeals and also seeks substitution of a misdemeanor conviction for theft.[2] His theory is that facts were not adduced to support the higher offense of robbery which requires a taking from a person, accompanied by placing him in fear. Defendant asserts that once a theft is committed, it is not possible thereafter to commit a robbery.

The facts, in brief, reflect that defendant and one Gallegos picked up three packs of beer from the rear part of an all night miniature-market. They walked by the checkout stand at which time the checker, about four feet away, called for payment of the beer. The defendant then put his hand in his pocket, made out like a gunman, and said "Everything's cool, hold it there or I'll blow you away." The two then left the store and were apprehended shortly thereafter by a passing policeman.

The defendant gratuitously suggests that the checker was not put in fear and that, even so, it was impossible to commit robbery since the theft was already a fait accompli. The trial judge did not accept such theory.

The taking was simultaneous with the robbery which occurred in the presence of the victim, before an escape had been accomplished. There is a case from New Jersey[3] which involves similar facts with respect to the sequence of events going to make up the offense. That court held as follows:

> Reason and logic would seem to dictate that where an owner of premises takes ... precautions against thievery and his opposition is overcome as he interposes himself to prevent the thief from taking the money from the portion of his premises in which it had been kept, his *use of force is concurrent or concomitant with the taking,* thus constituting the thief's action as robbery. (emphasis added) (citations omitted).[4]

We are of the opinion that the chronology of events in the instant case, and the actions of the defendant, support the trial court's judgment.

The judgment is affirmed.

---

1. In violation of U.C.A., 1953, § 76–6–301.

2. In violation of U.C.A., 1953, § 76–6–404.

3. *State v. Culver,* 109 N.J.Super. 108, 262 A.2d 422 (1970).

4. *See also State v. Douglas,* 337 So.2d 407 (Fla.App.1976). *State v. Wilborn,* 525 S.W.2d 87 (Mo.App.1975); and *State v. Roberts,* 30 Utah 2d 407, 518 P.2d 1246 (1974).