OTT, Acting Chief Judge.
A jury convicted the appellant for robbery. He appeals the trial court’s denial of his motion for judgment of acquittal, arguing that he was not guilty of robbery because there was no force used until after the actual taking. We disagree and affirm.
Appellant was observed by Holcomb, a Maas Brothers security guard, as he selected several shirts and took them into the men’s fitting room. Holcomb followed the appellant into the fitting room and observed him stuff the shirts under his pants. The appellant then left the store with a woman companion. Holcomb approached them, identified himself, and tried to talk with them. At this time, the woman went south and the appellant ran west. Holcomb pursued and grabbed appellant, who punched Holcomb in the face and continued west. Holcomb again pursued and caught the appellant. Upon being tackled a second time, the appellant kicked Holcomb several times. Appellant was then caught by a police officer in the parking lot as he tried to get into a car driven by his woman companion.
Appellant argues that his motion for judgment of acquittal should have been granted because the taking of the shirts was completed at the time he started to fight with Holcomb, and as such, there had been no force used in the actual taking. He contends that the principles enunciated in Colbey v. State, 46 Fla. 112, 35 So. 189 (1903), should still be applied. In Colbey, the defendant pickpocket was caught by his victim, who grabbed and tussled with the defendant until the police apprehended him. The supreme court held that the evidence did not meet the force or violence required by the robbery statute. The court reasoned:
If the defendant struggled or clinched with Bousman in an effort to overpower him for the purpose of enabling him to secure the money in the pocket, there would be such force as the statute contemplates, but the force used merely in an effort to escape from the grasp of Bousman or to avoid arrest would not be such force as is contemplated by the statute.
46 Fla. at 114, 35 So. 190.
The robbery statute under which appellant was convicted, however, provides that: “[a]n act shall be deemed ‘in the course of committing the robbery’ if it occurs in an attempt to commit robbery or in flight after the attempt or commission.” § 812.13(3), Fla.Stat. (1981) [Emphasis added]. We agree with our sister court in the third district that the amended statute changes the rule enunciated in Colbey. See Stufflebean v. State, 436 So.2d 244 (Fla. 3d DCA 1983).
We further agree that:
Pursuant to the new statute, force or threat is considered to be contemporaneous with the taking if that force or threat of force is used to overcome a victim’s resistance to an attempted aspor-tation ... [W]here an offender gains possession of property without force and with intent to deprive the true owner of its use, but the victim gives instant and uninterrupted protest or pursuit in an effort to thwart a taking, and the offender then assaults the victim in order to complete a taking of the property and make good an escape, the offense is robbery. This construction of Section 812.-13, supra, we think, is precisely what the legislature intended.
Id. at 245-246. See also Royal v. State, 452 So.2d 1098, 1100 (Fla. 5th DCA 1984) (en banc).
We add that it seems to us a bit strained to differentiate between an appropriation before, as opposed to after, the overt act of violence. The real question is whether violence was employed to effectuate the theft.
*288 Here, appellant used force against the security guard after the taking but while he was trying to escape with the goods from the store parking lot. We hold that this was robbery within the meaning of section 812.13, Florida Statutes (1981).
Appellant’s other point on appeal is without merit.
Accordingly, the appellant’s conviction and the trial court’s denial of his motion for judgment of acquittal are AFFIRMED.
DANAHY and SCHOONOVER, JJ., Concur.