ORFINGER, Judge,
concurring.
I agree that the robbery conviction can be affirmed on the authority of Royal v. State, 452 So.2d 1098 (Fla. 5th DCA 1984) but in my opinion this robbery occurred when the defendant snatched the victim’s wallet and her money from her hand as she stood at the counter of the fast food restaurant attempting to pay for her order. The defendant did not obtain the victim’s wallet and money by stealth, but by exerting physical force sufficient to extract them from her grasp. When that occurred, a robbery had been committed, because any degree of force suffices to convert larceny into a robbery. McCloud v. State, 335 So.2d 257 (Fla.1976); Andre v. State, 431 So.2d 1042 (Fla. 5th DCA 1983). The victim immediately pursued the defendant, caught him within a short distance and tried to extricate her wallet from his hand, *207 at which time he struck her, and escaped. This is the Royal situation, and would be sufficient to sustain the robbery conviction even if the original taking had been without force. See also Stufflebean v. State, 436 So.2d 244 (Fla. 3d DCA 1983); Douglass v. State, 337 So.2d 407 (Fla. 1st DCA 1976).