PER CURIAM.
R.P. was adjudicated delinquent based upon the trial court’s determination that R.P. committed a robbery when he reached into the front of an elderly woman’s dress and snatched her purse. R.P. correctly argues that absent evidence of “force, violence, assault, or putting in fear,” § 812.13(1), Fla.Stat. (1983), his conviction of robbery cannot stand. We agree.
The law is well settled that picking a pocket or snatching a purse is not robbery if no more force or violence is used than is necessary to remove the property from a person who does not resist. Mims v. State, 342 So.2d 116 (Fla. 3d DCA 1977); Adams v. State, 295 So.2d 114 (Fla. 2d DCA 1974); see Stufflebean v. State, 436 So.2d 244, 246 n. 3 (Fla. 3d DCA 1983). The record reveals no evidence to support the adjudication of delinquency based on robbery.
We reject R.P.’s contention that his adjudication of delinquency should be for petit theft instead of grand theft. R.P. argues that the state failed to prove a taking of more than $100, an essential element of grand theft. § 812.014(2)(b), Fla. Stat. (1983). We disagree. The victim’s testimony that "it was near a hundred dollars, ‘cause I get two o nine a month, and I had spent ‘bout a half of it,” was sufficient to establish that the purse contained more than $100 at the time it was taken. Butler v. State, 354 So.2d 437 (Fla. 3d DCA 1978); Kinsey v. State, 237 So.2d 808 (Fla. 3d DCA 1970).
For these reasons, we vacate the adjudication of delinquency based on robbery and remand with directions that the trial court adjudicate R.P. delinquent based on grand theft.
Reversed and remanded.