LETTS, Judge.
Yet another sentencing guidelines issue is now before us. At the conclusion of an armed robbery, the victim was told to give the defendant five or ten minutes before calling for help; otherwise, the latter would return and blow the former away.
The trial judge found this threat a clear and convincing reason to depart the guidelines because:
In the course of the commission of the offense, the defendant placed the victim in great fear for his life by threatening the victim, with the apparent ability to carry out that threat, with death. The defendant told the victim that if the victim were to disregard the instructions of the defendant that the defendant would come back and “blow him away.” This assault was beyond, and separated by time from the initial assault which constituted one of the elements of the offense for which the defendant is charged.
We disagree with the trial judge and reverse. Section 812.13(3), Florida Statutes (1985), clearly provides that an act shall be deemed to be in the course of committing a robbery if it occurs as a component of flight after the commission thereof. As we see it, the threat here uttered was an act in aid of flight or escape. Escape, inevitably, is 'the ultimate goal of every robber, for without it his evil design cannot be fulfilled. Several cases have held that actual violence in aid of escape are but components of a robbery. Ben v. State, 461 So.2d 286 (Fla. 2d DCA 1985); Royal v. State, 452 So.2d 1098 (Fla. 5th DCA 1984); Stufflebean v. State, 436 So.2d 244 (Fla. 3d DCA 1983); State v. Douglas, 337 So.2d 407 (Fla. 1st DCA 1976). That being so, the mere threat of violence can hardly constitute a separate act.
The trial court also held that the victim was placed in additional fear and trauma by the threat, thus justifying departure. However, as of the time of that pronouncement, the court below did not have the benefit of Grant v. State, 11 F.L.W. 2084 (Fla. 4th DCA Oct. 1, 1986), rehearing granted, 12 F.L.W. 236 (Fla. 4th DCA Jan. 7,1987), in which we recently held that fear and trauma are not clear and convincing reasons for departure “as these elements are inherent components of the crime of robbery,” unless the trauma is greater *552 than that associated with a robbery. In this case, the trauma was not extraordinary.
Accordingly, we REVERSE AND REMAND FOR ENTRY OF A SENTENCE IN ACCORDANCE WITH THE GUIDELINES.
HERSEY, C.J., and WALDEN, J„ concur.