THE MOTION FOR REHEARING AND/OR MODIFICATION IS GRANTED.
LETTS, Judge.
In our original opinion, we held that the threat was made in aid of flight and did not constitute a separate act from the robbery. To support this view, we stressed the wording of section 812.13(3) which provides that an act in the course of committing a robbery occurs if it is committed in flight after the commission thereof. However, our Supreme Court, in Royal v. State, 490 So.2d 44 (Fla.1986), came to a different conclusion and held that force or putting one in fear, after the completion of a robbery, is not a component of it. This holding, which overruled Stufflebean v. State, 436 So.2d 244 (Fla. 3d DCA 1983), and Royal v. State, 452 So.2d 1098 (Fla. 5th DCA 1984), requires us to delete that discourse from our original opinion. However, we now arrive at the same result as we did initially because the threat in the case at bar was made before the flight and was contemporaneous with the taking of the property. Our initial result, therefore, comports with the Supreme Court version of Royal if not for the same reason.
Accordingly, we reaffirm our prior opinion, but delete the discourse on the statute and the cases overruled.
We would be frank to admit that our original opinion was wanting. Obviously, it should have considered the recent Supreme Court version of Royal. This omission was forcefully raised in the petition for rehearing, but Royal was not previously cited by the state or the public defender.
HERSEY, C.J., and WALDEN, J., concur.