513 So.2d 1088 (1987)
S.W., a Juvenile, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-129.
District Court of Appeal of Florida, Third District.
October 6, 1987.
*1089 Bennett H. Brummer, Public Defender, and Howard K. Blumberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Nancy C. Wear, Asst. Atty. Gen., for appellee.
Before HUBBART, FERGUSON and JORGENSON, JJ.
HUBBART, Judge.
This is an appeal by a juvenile, S.W., from an adjudication of delinquency for robbery and a subsequent commitment to the Florida Department of Health and Rehabilitative Services. The central question presented for review is whether, on this record, the state established a prima facie case that the respondent juvenile employed force, violence, assault or putting in fear  an essential element of robbery  in effecting a theft of jewelry from a three-year-old child. For the reasons which follow, we conclude that the state did not establish this essential element of robbery  and, accordingly, we reverse the robbery adjudication under review, reduce the said adjudication to petit theft, and affirm the commitment order under review as a proper sanction for petit theft.

I
The respondent S.W. was charged in a petition for delinquency before the Circuit Court for the Eleventh Judicial Circuit with the offense of robbery. The petition for delinquency charged in pertinent part as follows:
"This child, on or about November 6, 1984, in Dade County, Florida, did unlawfully by force, violence, assault or putting in fear, take certain property, to wit: JEWELRY, of the value of LESS than ONE HUNDRED DOLLARS ($100.00), said property being the subject of larceny, the property of CINDY GABRIEL, as owner or custodian, from the person or custody of CINDY GABRIEL, with the intent to permanently deprive CINDY GABRIEL of said property, in violation of 812.13 Florida Statutes. (2 [degree] Felony)."
At the trial of the cause below, Cindy Gabriel, the alleged victim in this case, did not testify because she was only three years old and was not a competent witness. Instead, the state called two witnesses: Viola Steven, the child's mother, and Detective Ornel Cotera, the investigating detective in this case.
Ms. Steven testified that on November 6, 1984, she was outside her apartment building *1090 in Miami watching her child, Cindy Gabriel, playing about twenty feet away with the respondent S.W., a sixteen-year-old boy. Ms. Steven was acquainted with S.W. from the neighborhood and apparently had no objection to this encounter. S.W. was playing a child's pat-a-cake game with Cindy, using back and forth hand movements and touching, in the process, the child's neck and arms. During this diversionary game, S.W. (1) gently unclasped and removed a necklace which Cindy had around her neck, and (2) removed a bracelet from Cindy's wrist by using a sudden pulling motion to break the thread that held the bracelet together. The child was never hit, pushed, or physically harmed during this encounter. As soon as the bracelet was removed, Cindy started to cry, ran to her mother, and touched her wrist indicating that she no longer had her bracelet.
At that point, Ms. Steven pursued S.W. who had run off with the necklace and bracelet. She soon caught up to S.W. and demanded that he return the necklace and bracelet or she would call the police. S.W. belligerently refused and threatened to do physical violence to Ms. Steven if she called the police. S.W. then fled, but was arrested several days later after the police were notified of the incident. Detective Otera testified at trial as to this arrest as well as to Ms. Steven's later identification of S.W. The necklace and bracelet were never recovered, and no value was ever assigned to this jewelry at trial.
Based on the aforesaid evidence, the respondent S.W. moved for a judgment of acquittal as to the robbery charge on the ground that the state had failed to establish an essential element of robbery, namely, that the taking of the necklace and bracelet was by force, violence, assault, or putting in fear. The trial court denied the motion. The respondent rested his case without presenting any testimony and renewed his motion for judgment of acquittal based on the same ground. After some argument on the motion, the trial court denied the motion, adjudicated S.W. delinquent of robbery, and committed him to the Florida Department of Health and Rehabilitative Services. This appeal follows.

II
The crime of robbery is defined by Section 812.13(1), Florida Statutes (1983), as "the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault or putting in fear." A robbery under this statute embraces all the essential elements of theft, plus one additional element, namely, that the stolen property must have been taken from the person or custody of another by means of "force, violence, assault or putting in fear." Royal v. State, 490 So.2d 44, 46 (Fla. 1986); Montsdoca v. State, 84 Fla. 82, 86, 93 So. 157, 159 (1922). This additional element requires that the taking be accomplished by means of either (1) physical force or violence, or (2) intimidation by assault or putting in fear, McCloud v. State, 335 So.2d 257, 258 (Fla. 1976), which force or intimidation must precede or be contemporaneous with the taking. Royal v. State.

A
Pickpocket and purse snatch cases present special problems in deciding whether a sufficient degree of physical force or violence was employed to satisfy the "force [or] violence" aspect of the above additional element. Although the issue is not free from doubt, it seems reasonably clear that a stealthy taking or sudden snatching of property from the person of another does not ordinarily constitute sufficient "force [or] violence" to satisfy this element. This is so because the only degree of force usually involved in such cases is the slight amount of force necessary to physically remove the property from the person of another and thus accomplish the asportation element of a theft. Plainly, something more in the way of physical force is required for robbery, else all thefts from the person would be robberies. Based on this rationale, it has been held that a defendant caught in the act of attempting to pickpocket another was improperly convicted of attempted robbery, as he was only guilty of *1091 an attempted theft, Colby v. State, 46 Fla. 112, 35 So. 189 (1903); and that a juvenile who reached into the front of a woman's dress and suddenly snatched her purse was improperly convicted of robbery, as he was only guilty of a grand theft. R.P. v. State, 478 So.2d 1106 (Fla. 3d DCA 1985), rev. denied, 491 So.2d 281 (Fla. 1986).
On the other hand, it seems equally apparent that where some additional force is employed to effectuate a theft from the person of another, above and beyond the slight force necessary to effectuate the theft, the "force [or] violence" aspect of this element of robbery has been satisfied. This is so because under such circumstances it can legitimately be said that a crime of violence against the person of another  which is inherent in every robbery  has occurred, not just a theft from the person of another. Based on this rationale, it has been held that a defendant was properly convicted of robbery where the defendant grabbed a handbag held by a woman, struggled with her for possession thereof, and only obtained possession after she released the strap of the handbag and fell to the ground, McCloud v. State, 335 So.2d 257, 258-59 (Fla. 1976), or where the defendant grabbed a pocketbook from a woman who physically resisted and was beaten in order to effect possession thereof, Mims v. State, 342 So.2d 116 (Fla. 3d DCA 1977), or where the defendant tore two gold necklaces from around a woman's neck with such force as to leave scratch marks and redness around her neck, Santiago v. State, 497 So.2d 975 (Fla. 4th DCA 1986), or where a defendant grabbed ten dollars from a store clerk's hand and then physically held the store clerk while an accomplice emptied the store cash register. Larkins v. State, 476 So.2d 1383 (Fla. 1st DCA 1985).

B
Florida cases have often articulated the governing principles of law on this subject in full accord with the above analysis:
"`Picking a pocket or purse snatching is not robbery if no more force or violence is used than is necessary to physically remove the property from the person who does not resist. But if the victim resists in any degree, and this resistance is overcome by the physical force of the offender, the crime of robbery is complete.'" Adams v. State, 295 So.2d 114, 116 (Fla. 2d DCA), cert. denied, 305 So.2d 200 (Fla. 1974).
"Although purse snatching is not robbery if no more force or violence is used than is necessary to physically remove the property from a person who does not resist, if the victim does resist in any degree and this resistance is overcome by the physical force of the perpetrator, the crime of robbery is complete." Mims v. State, 342 So.2d 116, 117 (Fla. 3d DCA 1977).
"The law is well settled that picking a pocket or snatching a purse is not robbery if no more force or violence is used than is necessary to remove the property from a person who does not resist." R.P. v. State, 478 So.2d 1106, 1107 (Fla. 3d DCA 1985), rev. denied, 491 So.2d 281 (Fla. 1986).
"A purse-snatching is not a robbery if no more force or violence is used than is necessary to remove the property from a person who does not resist." Stufflebean v. State, 436 So.2d 244, 246 n. 3 (Fla. 3d DCA 1983), disapproved on other grounds, Royal v. State, 490 So.2d 44 (Fla. 1986).
LaFave and Scott, in their standard work on criminal law, also support the above analysis:
"The line between robbery and larceny from the person (between violence and lack of violence) is not always easy to draw. The `snatching' cases, for instance, have given rise to some dispute. The great weight of authority, however, supports the view that there is not sufficient force to constitute robbery when the thief snatches property from the owner's grasp so suddenly that the owner cannot offer any resistance to the taking. On the other hand, when the owner, aware of an impending snatching, resists or when, the thief's first attempt being ineffective to separate the owner from his property, a struggle for the *1092 property is necessary before the thief can get possession thereof, there is enough force to make the taking robbery. Taking the owner's property by stealthily picking his pocket is not taking by force and so is not robbery; but if the pickpocket or his confederate jostles the owner, or if the owner, catching the pickpocket in the act, struggles unsuccessfully to keep possession, the pickpocket's crime becomes robbery. To remove an article of value, attached to the owner's person or clothing, by a sudden snatching or by stealth is not robbery unless the article in question (e.g., an earring, pin or watch) is so attached to the person or his clothes as to require some force to effect its removal."
W. LaFave, A. Scott, Jr., Criminal Law § 8.11(d), at 781 (2d ed. 1986) (footnotes omitted).

C
We have not overlooked the statement in McCloud v. State, 335 So.2d 257, 258 (Fla. 1976), that "[a]ny degree of force suffices to convert larceny into a robbery," but we read that degree to mean more than the slight force necessary to accomplish a theft, else all thefts from the person of another would constitute a robbery  a result which our supreme court has never reached or implied in any case. We have also not overlooked Andre v. State, 431 So.2d 1042, 1043 (Fla. 5th DCA 1983), which held that a defendant was properly convicted of robbery based solely on a sudden snatching of money from another's hands. We reject this holding, however, as we previously did in Stufflebean v. State, 436 So.2d 244, 246 n. 3 (Fla. 3d DCA 1983), disapproved on other grounds, Royal v. State, 490 So.2d 44 (Fla. 1986), because it is unsupported by the weight of authority on this subject.

III
Turning now to the instant case, we have no difficulty in concluding that the state established the respondent S.W. committed a petit theft from the person of the young child in this case when S.W. removed the necklace and bracelet from the child's person  but that no prima facie showing was established below that this taking was accomplished by "force [or] violence" or by "assault or putting in fear," an essential element of robbery under Section 812.13(1), Florida Statutes (1983).
The respondent S.W. was playing a child's pat-a-cake game with the three-year-old child herein in full view of the child's mother and with the latter's apparent consent. During this diversionary game, S.W., with despicable larceny on his mind, literally took candy from a baby. He surreptitiously removed a necklace from the child's neck by unclasping it, and removed the child's bracelet from her wrist by using a slight pulling motion which snapped the thread that held the bracelet together. The child cried upon discovering the loss of her bracelet and ran to her mother. During this incident, the child was not verbally threatened, pushed, or physically harmed in any way. Given this evidence, no robbery was established.

A
The state's central argument at trial, however, which the trial court apparently accepted, was that S.W. had used "force" within the meaning of the robbery statute when he pulled the bracelet off the child's wrist. We cannot agree. Only a slight degree of force was employed in this pulling motion, enough only to snap a thread which held the bracelet together. There was no struggle over the bracelet, and the child was in no way injured; moreover, the snatching occurred during a diversionary child's pat-a-cake game in which the child was not even aware of the taking until after it was accomplished. Under well-settled principles of Florida law, as stated above, this sudden snatching of the bracelet cannot constitute a taking by "force" within the meaning of our robbery statute.
As for the taking of the necklace, it is equally plain that only a slight degree of force was used to effect this theft  enough to unclasp the necklace from behind the child's neck  while the diversionary pat-a-cake game was going on. This surreptitious *1093 theft was akin to a pickpocket, and, under well-settled principles of Florida law, cannot constitute a taking by "force" within the meaning of our robbery statute. Indeed, the state made no claim below that the taking of the necklace herein constituted a robbery.

B
The state's central argument on appeal, however, is somewhat different from its position at trial. It now urges that the taking of both the necklace and bracelet by S.W. was accomplished through intimidation of the young child and thus was a robbery by "assault or putting in fear" within the meaning of our robbery statute. We cannot agree because there is no evidence that the child was frightened of S.W. prior to or contemporaneous with the taking of the jewelry in this case. Indeed, it is plain that the child was engaged in an otherwise happy, carefree, pat-a-cake game with S.W. in full view of the child's mother and with the latter's apparent consent when the jewelry was suddenly taken. The child did cry after she discovered her bracelet was gone, but this only shows the child's touching anguish over the loss of her bracelet. From all indications, the game was a deceptively happy one concocted to divert the child's attention so that a theft could take place; it was not, as urged, a blackboard-jungle-type robbery in which the child was intimidated into giving up her jewelry.
We have not overlooked the fact that S.W. threatened the child's mother with physical violence after he had taken the jewelry from the child and fled the scene. This threat was employed, however, to make good S.W.'s escape and did not take place prior to or contemporaneous with the taking of the jewelry. This being so, the subject threat cannot constitute an "assault or putting in fear" under our robbery statute. Royal v. State, 490 So.2d 44 (Fla. 1986). Moreover, the threat itself was directed against someone other than the alleged victim in this case, and therefore could not possibly prove up the alleged robbery as charged in the petition for delinquency.

C
In sum, then, the state failed to establish an essential element of robbery under Section 812.13(1), Florida Statutes (1983)  namely, that the taking of the jewelry herein was by "force, violence, assault or putting in fear"; for that reason, we reverse the delinquency adjudication for robbery under review. The state's evidence, however, establishes a prima facie case of petit theft under Section 812.014(1), (2)(c), Florida Statutes (1983)  and, accordingly, we reduce the delinquency adjudication herein to petit theft and affirm the commitment order under review as a proper sanction for this reduced offense. See R.P. v. State, 478 So.2d 1106 (Fla. 3d DCA 1985), rev. denied, 491 So.2d 281 (Fla. 1986).
Affirmed in part; reversed in part.