452 So.2d 927 (1984)
STATE of Florida, Petitioner,
v.
Thomas BAKER, Respondent.
No. 63807.
Supreme Court of Florida.
June 7, 1984.
*928 Jim Smith, Atty. Gen., and Sean Daly, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender and David A. Henson, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for respondent.
EHRLICH, Justice.
This is a petition to review a decision of a district court. Baker v. State, 431 So.2d 263 (Fla. 5th DCA 1983). The decision conflicts with the decision of another district court, Vitko v. State, 363 So.2d 42 (Fla. 2d DCA 1978). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
Baker and an accomplice were arrested after an armed robbery. Baker was charged with: Count I, aggravated assault with a deadly weapon, section 784.021(1)(a), Florida Statutes (1979), because he pointed a shotgun at the robbery victim; Count II, armed robbery, section 812.13(2)(a), Florida Statutes (1979), because he and the accomplice took money and property from the robbery victim; and Count III, attempted murder as a principal in the first degree, sections 777.011, 777.04(1), 782.04(1)(a), Florida Statutes (1979), because his accomplice shot a bystander during the robbery. Baker pleaded guilty to all three charges under a plea agreement, and was sentenced to serve five years for count I, life imprisonment for count II, and thirty years for count III. The sentences were to run concurrently with the exception of the three-year minimum sentences required for counts I and II, which were to be served consecutively. As part of the plea agreement, Baker reserved the right to appeal the sentences on all three charges on the ground that under the single transaction rule only one sentence could be imposed for the three offenses. Baker also reserved the right to appeal the consecutive three-year sentences for counts I and II.
On appeal, the district court held that the aggravated assault charge was a necessarily lesser included offense of armed robbery, and that any sentence for count I was therefore improper. The sentence for count I was reversed, and the remainder of the trial court's judgment and sentence was affirmed. The state sought review of the reversal to this Court. We quash the district court decision.
In Vitko v. State, the defendant was charged by information with attempted armed robbery and battery. The trial judge acquitted the defendant on the attempted robbery charge and sent the case to the jury on a theory of aggravated assault. The Second District reversed the resulting conviction for aggravated assault on the ground that the information failed to allege that the defendant assaulted the victim with a deadly weapon. The information had tracked the language of the armed robbery statute, alleging only that the defendant had carried a deadly weapon during the attempted robbery. The Vitko case thus established that there was a difference between carrying a deadly weapon during a robbery, and using the weapon to commit an assault. This conflicts with the rationale of the Fifth District Court of Appeal in this case, since a necessarily lesser included offense is one whose essential elements are included within the elements of the greater offense. Bell v. State, 437 So.2d 1057, 1058 (Fla. 1983); Borges v. State, 415 So.2d 1265, 1267 (Fla. 1982). Since assault with a deadly weapon is not *929 included in armed robbery under the Vitko holding, there is conflict between Vitko and the decision now before us.
In virtually every case of armed robbery, the deadly weapon carried by the perpetrator is the means by which he induces "force, violence, assault, or putting in fear," one of the elements of any robbery, armed or unarmed. However, the statutory element which enhances punishment for armed robbery is not the use of the deadly weapon, but the mere fact that a deadly weapon was carried by the perpetrator. The victim may never even be aware that a robber is armed, so long as the perpetrator has the weapon in his possession during the offense. For double jeopardy purposes, this Court is bound to consider only the statutory elements of the offenses, not the allegations or proof in a particular case. Bell. Where an offense is not a necessarily lesser included offense, based on its statutory elements, the intent of the legislature clearly is to provide for separate convictions and punishments for the two offenses. § 775.021(4), Fla. Stat. (1979). The trial court therefore properly convicted and sentenced Baker for both counts I and II.
Although the defendant in this case was properly convicted and sentenced for both armed robbery and aggravated assault, the consecutive three-year mandatory minimum sentences may not stand. This Court held in Palmer v. State, 438 So.2d 1 (Fla. 1983), that consecutive mandatory three-year sentences may not be imposed for offenses arising from the same incident. Concurrent three-year sentences would be proper.
Accordingly, we quash the district court decision and remand for action in accordance with this opinion.
It is so ordered.
ALDERMAN, C.J., and BOYD, McDONALD and SHAW, JJ., concur.
ADKINS and OVERTON, JJ., dissent.