This is a petition to review Royal v. State, 452 So.2d 1098
(Fla. 5th DCA 1984), in which the Fifth District Court of Appeal held that petitioners, who employed force while fleeing a retail store after committing a theft, were properly convicted of robbery. We find conflict with Montsdoca v. State, 84 Fla. 82, 93 So. 157 (1922).[1] We quash the district court decision and find that, in defining "robbery" in section 812.13, Florida Statutes (1983), the legislature did not alter the common law requirement that "force, violence, assault, or putting in fear" must occur prior to or contemporaneous with the taking of property.
Petitioners, Linda Gayle Royal and William Ellison, were observed in a department store placing clothing in a plastic garbage bag. As petitioners proceeded past the cash register and toward the front door, they were intercepted by a store detective. Ellison pushed the detective aside. Petitioners left the store and were entering an automobile when the store detective and two other store employees attempted to deter them and recover the clothing. As one of the employees tried to grab the ignition key, Ellison struck him. When another employee began to struggle with Ellison, Royal pointed a pistol at the employee's head, causing all three employees to retreat. Both petitioners were convicted of robbery while carrying a deadly weapon. No evidence had been offered at trial to indicate that the pistol produced by Royal had been carried into the store.
The district court of appeal affirmed petitioners' convictions. In holding that Ellison's pushing aside of the store detective and Royal's use of the pistol constituted force in the taking of property, the district court reasoned that the possession of the clothing at those times remained in "continuing dispute." 452 So.2d at 1100. The district court noted with approval the decision of the Third District Court of Appeal in Stufflebean v.State, 436 So.2d 244 (Fla.3d DCA 1983), which held that
 where an offender gains possession of property of another without force and with intent to deprive the true owner of its use, but the victim gives instant and uninterrupted protest or pursuit in an effort to thwart a taking, and the offender then assaults the victim in order to complete the taking of the property and make good an escape, the offense is robbery. This construction of Section 812.13 . . . we think, is precisely what the legislature intended.
Id. at 246.
We disagree with the district court's finding that the taking was ongoing at the time petitioners employed force. A theft can occur under sections 812.014(1) and 812.015(1)(d), Florida Statutes (1983), regardless of whether the goods are successfully removed from the store premises.[2] *Page 46 
The question for resolution is whether the offense of robbery, as defined by section 812.13, Florida Statutes (1983), has occurred when, after completing a theft, the defendant employs "force, violence, assault, or putting in fear" while fleeing the premises from which the goods were taken. That section provides:
 (1) "Robbery" means the taking of money or other property which may be the subject of larceny from the person or custody of another by force, violence, assault, or putting in fear.
 (2)(a) If in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree. . . .
 (b) If in the course of committing the robbery the offender carried a weapon, then the robbery is a felony of the first degree. . . .
 (c) If in the course of committing the robbery the offender carried no firearm, deadly weapon, or other weapon, then the robbery is a felony of the second degree. . . .
 (3) An act shall be deemed "in the course of committing the robbery" if it occurs in an attempt to commit robbery or in flight after the attempt or commission.
In our prior decisions, this Court has interpreted section 812.13
as being consistent with the common law, which defines robbery as "the felonious taking of money or goods of value from the person of another, or in his presence, against his will, by violence, or putting him in fear." Williams v. Mayo, 126 Fla. 871, 875,172 So. 86, 87 (1937). In Montsdoca, we stated that the threat or force used to accomplish the taking of property or money is the element that distinguishes the offense of robbery from the offense of theft:
 It is violence that makes robbery an offense of greater atrocity than larceny. Robbery may thus be said to be a compound larceny composed of the crime of larceny from the person with the aggravation of force, actual or constructive, used in the taking.
 An intent to steal is essential, so is violence or putting in fear.
 The violence or intimidation must precede or be contemporaneous with the taking of the property.
84 Fla. at 86, 93 So. at 159 (emphasis added; citations omitted).See also Colbey v. State, 46 Fla. 112, 35 So. 189 (1903).
We reject the state's argument that subsection (3) of section812.13 broadens the common law definition of robbery set forth in subsection (1). Rather, we conclude that subsection (3) was intended only to define the phrase "in the course of committing the robbery," as it is used in subsection (2) for purposes of establishing punishment by reference to the type of force used to perpetrate the robbery.
Because they did not employ force prior to or while taking the store merchandise, we hold that petitioners cannot be properly convicted of robbery with a firearm under section 812.13. Under these facts, however, we find that petitioners could have been charged separately with theft, for the taking of the goods that occurred in the store; assault and battery, for the incident that occurred while petitioners were leaving the store; and aggravated assault, for the incident that occurred in the parking lot. Because this record clearly establishes the petitioners' guilt of aggravated assault with a deadly weapon, which is a necessarily lesser included offense of robbery with a firearm, we find that, pursuant to section 924.34, Florida Statutes (1983),[3] they may *Page 47 
be convicted of aggravated assault with a deadly weapon. SeeArnold v. State, 83 So.2d 105 (Fla. 1955).
We quash the decision of the district court of appeal and we approve the dissenting opinions of Judge Cowart in the instant case and of Judge Baskin in Stufflebean. Because we have determined that the petitioners are guilty of the necessarily included lesser offense of assault with a deadly weapon, we remand to the district court with directions to remand to the trial court for the entry of judgments of conviction against petitioners for that crime.
It is so ordered.
ADKINS, McDONALD and EHRLICH, JJ., concur.
SHAW, J., concurs in result only.
BOYD, C.J., dissents with an opinion.
[1] We have jurisdiction. Art. V, § 3(b)(3), Fla. Const.
[2] Under section 812.014(1), which defines theft, "[a] person is guilty of theft if he knowingly obtains or uses, orendeavors to obtain or to use, the property of another with intent to . . . [d]eprive the other person of a right to the property or a benefit therefrom." (Emphasis added.) Section812.015, which defines retail theft as "the taking possession of . . . merchandise . . . with intent to deprive the merchant of possession, use, benefit, or full retail value," specifically authorizes a law enforcement officer to "arrest, either on oroff the premises and without warrant, any person he has probable cause to believe has committed theft of merchandise in a retail or wholesale establishment." The legislature added the underscored language in 1973. See ch. 73-271, Laws of Fla.
[3] Section 924.34 provides:
When the appellate court determines that the evidence does not prove the offense for which the defendant was found guilty but does establish his guilt of a lesser statutory degree of the offense or a lesser offense necessarily included in the offense charged, the appellate court shall reverse the judgment and direct the trial court to enter judgment for the lesser degree of the offense or for the lesser included offense.