STONE, Judge.
The defendant-appellant, charged with robbery, entered a plea of nolo contendere to the lesser included offense of aggravated assault, reserving the right to challenge the denial of a motion to dismiss the robbery charge.
It is undisputed that a grand theft occurred, however, all acts of violence between the defendant and the store's security personnel took place outside of the store following the actual theft.
The Florida Supreme Court has recently unequivocally held that in order for a taking to be a robbery, pursuant to section 812.13, Florida Statutes (1983), the force, or threat, must occur prior to, or contemporaneously with, the taking of the property. Royal v. State, 490 So.2d 44 (Fla.1986). Acts of violence incident to the escape do not convert a grand theft into a robbery, although an independent aggravated assault, or other crime, may be charged. Id.
We therefore reverse and remand to the trial court with instructions to permit the defendant to withdraw her plea of guilty, and to allow the state to amend the information to charge defendant with any lesser included crimes.
REVERSED AND REMANDED.
GLICKSTEIN and GUNTHER, JJ., concur.