COBB, Judge.
Inez Hogan was observed by a security agent leaving an Orlando department store with a cart full of merchandise. The agent subsequently stopped Hogan outside the store, whereupon Hogan pushed the cart with the merchandise into him and attempted to flee. When the security guard grabbed the defendant, Hogan cut him with her pocket knife. Hogan was subsequently convicted of armed robbery and simple battery. The issue before this court is whether, under these facts, Hogan can be convicted of robbery.
This case is controlled by the recent Florida Supreme Court decision of Royal v. State, 490 So.2d 44 (Fla.1986). Royal held that a defendant cannot be convicted of robbery unless the force element of robbery occurs prior to or contemporaneous with the taking of the merchandise. Thus, according to Royal, since the theft is complete once the object is moved off the shelf, the crime of robbery of merchandise, as a practical matter, cannot occur in a self-service store unless the robber originally enters the store displaying a weapon.
In the instant case, the force which forms the basis of the robbery charge (stabbing with the knife) truly occurred after the “taking,” since the defendant virtually abandoned the property by pushing the cart toward the security guard prior to her use of force.
The record clearly shows defendant’s guilt of second-degree grand theft; accordingly, we reverse the armed robbery conviction, affirm the judgment for simple battery, and remand for entry of judgment and sentence on second-degree grand theft. See Kelly v. State, 490 So.2d 1388 (Fla. 5th DCA 1986).
REVERSED in part; AFFIRMED in part; and REMANDED.
ORFINGER and COWART, JJ., concur.