SMITH, Judge.
Appellant appeals his conviction for robbery contending that after he took the bottle of cologne from Albertson’s at least ten minutes passed before the fight erupted between appellant and the store security personnel outside the store. At the time of the trial, the trial judge was without the benefit of the Florida Supreme Court’s recent decision in Royal v. State, 490 So.2d 44 (Fla.1986), which held that one *959 who employs force while fleeing a retail store after committing theft cannot be convicted of robbery because the use of force must occur prior to or contemporaneous with the taking of property to constitute robbery. The facts in this case are indistinguishable from those of Royal. Accordingly, we reverse the robbery conviction and remand for entry of judgment and sentence for petit theft.[1] Kelly v. State, 490 So.2d 1383 (Fla. 5th DCA 1986). Appellant’s remaining point is without merit.
AFFIRMED in part; REVERSED in part and REMANDED for proceedings consistent with this opinion.
JOANOS and BARFIELD, JJ., concur.

. Although the jury instructions were not transcribed for purposes of this appeal, we note that the Florida Standard Jury Instructions in Criminal Cases lists petit theft as a Category I lesser included offense of robbery. The verdict form in the record indicates that the jury was given the opportunity to convict appellant of theft as a lesser included offense of robbery. Because we assume the jury was instructed on petit theft and because the evidence does support a petit theft conviction, we have remanded for entry of judgment and sentence for that crime.