SHARP, Judge.
Milam appeals from his judgment and sentence after being convicted of attempted robbery.[1] He argues the trial court erred by not granting his motion to dismiss made pursuant to Florida Rule of Criminal Procedure 3.190(c)(4). The state’s traverse filed in response admitted that Milam used no threat or force in taking the two packets of cheese from John’s Family Market. Similarly at trial there was no evidence adduced that Milam used force to obtain possession of the cheese. Based on Royal v. State, 490 So.2d 44 (Fla.1986), which was not available to the trial judge at the time of the trial, we reverse.
Royal holds that in order to constitute robbery under Florida law, a defendant must use force at the time he takes possession of the stolen goods. Force used later to effect an escape or exit from a retail store after goods have been taken from a shelf comes too late to qualify as an element of the crime of robbery. See also Flarity v. State, 499 So.2d 18 (Fla. 5th DCA 1986); Hogan v. State, 493 So.2d 84 (Fla. 5th DCA 1986); Walker v. State, 493 So.2d 77 (Fla. 4th DCA 1986); Kelly v. State, 490 So.2d 1383 (Fla. 5th DCA 1986). This holding makes it impossible to prove a robbery in the context of an article taken from the shelf of a self-service store.
In this case, Milam entered a self-service grocery store. He took two packages of cheese[2] and hid them in his clothing. A clerk followed him outside of the store and accused him of stealing cheese. Milam offered to pay him for the cheese and handed him one package. He accompanied the clerk back into the store and told the manager he wanted to pay for the *35 cheese. When his offers to pay were refused and it became clear that the manager and store clerk intended to hold him for the police, Milam made various attempts to break free and run. He was forcibly restrained by the store personnel, and during one of these struggles, the second package of cheese fell out of his clothing.
We think this case is controlled by Royal. The fact that Milam was convicted of attempted robbery rather than robbery makes no material difference. The time of the threat or force element for both crimes is the same. Based on Royal, the “force, violence, assault or putting in fear” must occur prior to or contemporaneously with the taking possession of the property which is the subject of the robbery. Force used later in trying to exit the store or break away from the grip of a security guard is not contemporaneous with the taking.
Accordingly we reverse the attempted robbery conviction and remand to the trial court for entry of judgment for the necessarily included lesser offense of attempted petit theft.[3]
REVERSED AND REMANDED.
DAUKSCH and COWART, JJ., concur.

. §§ 812.13, 777.04, Fla.Stat. (1985).

. Priced at more than $1.00, but less than $100.00.

. Wheat v. State, 433 So.2d 1290 (Fla. 1st DCA 1983), review denied, 444 So.2d 418 (Fla.1984).