608 So.2d 804 (1992)
Lawrence TAYLOR, Petitioner,
v.
STATE of Florida, Respondent.
No. 79095.
Supreme Court of Florida.
November 12, 1992.
Nancy A. Daniels, Public Defender and Lynn A. Williams, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Laura Rush, Asst. Atty. Gen., Tallahassee, for respondent.
GRIMES, Justice.
We review Taylor v. State, 589 So.2d 997 (Fla. 1st DCA 1991), because of its conflict with Gould v. State, 577 So.2d 1302 (Fla. 1991). We have jurisdiction under article V, section 3(b)(3) of the Florida Constitution.
Taylor entered a Baskin-Robbins store in Jacksonville and ordered a cup of ice cream. After the employee, Kimberly Smith, rang up his order, Taylor lifted his shirt and showed her a gun in the waistband of his jeans. He then called over the manager, Christopher Elrod, who was *805 washing dishes in another part of the store, and displayed the gun to him. Following Taylor's order, Elrod took the money out of the cash register and laid it on the counter. Elrod and Smith were then told to go into a back storage room and shut the door. When they came out of the storage room a few minutes later, Taylor and the money were gone.
Taylor was convicted of two counts of armed robbery with a firearm. The district court of appeal reversed the armed robbery conviction of Smith because there had been only one forceful taking. See Brown v. State, 430 So.2d 446 (Fla. 1983); Hill v. State, 293 So.2d 79 (Fla. 3d DCA 1974). However, under the authority of section 924.34, Florida Statutes (1989), the court directed the entry of a judgment of conviction for the crime of aggravated assault with a deadly weapon committed against Smith. The court acknowledged that aggravated assault with a deadly weapon was a category-two permissive lesser included offense to armed robbery but concluded that section 924.34 was applicable to both category-one and category-two lesser included offenses.
Contrary to the rationale of the court below, this Court in Gould v. State, 577 So.2d 1302 (Fla. 1991), recently held that section 924.34 was inapplicable to category-two permissive lesser included offenses. Notwithstanding, in an effort to support the conviction, the State points to Royal v. State, 490 So.2d 44 (Fla. 1986), which held that assault with a deadly weapon was a necessary lesser included offense of armed robbery. Thus, the State argues that while the court below erroneously characterized aggravated assault with a deadly weapon as a permissive lesser included offense of armed robbery, it properly directed entry of the judgment of conviction for aggravated assault under section 924.34.
We explained once again the distinction between category-one necessarily lesser included offenses and category-two permissive lesser included offenses in State v. Weller, 590 So.2d 923 (Fla. 1991). We pointed out that when the commission of one offense always results in the commission of another, the latter offense is a category-one necessarily lesser included offense. If the lesser offense has at least one statutory element not contained in the greater, it cannot be a category-one necessarily lesser included offense. However, such a lesser offense may be a category-two permissive lesser included offense if its elements are alleged in the accusatory pleading and proven at the trial.
In State v. Baker, 452 So.2d 927 (Fla. 1984), this Court specifically held that aggravated assault with a deadly weapon was not a necessarily lesser included offense of armed robbery because aggravated assault with a deadly weapon contained a statutory element not contained in armed robbery. We explained:
In virtually every case of armed robbery, the deadly weapon carried by the perpetrator is the means by which he induces "force, violence, assault, or putting in fear," one of the elements of any robbery, armed or unarmed. However, the statutory element which enhances punishment for armed robbery is not the use of the deadly weapon, but the mere fact that a deadly weapon was carried by the perpetrator. The victim may never even be aware that a robber is armed, so long as the perpetrator has the weapon in his possession during the offense.
Id. at 929. We acknowledge that our opinion in Royal v. State placed this rationale in doubt. Compare Brown v. State, 569 So.2d 1320 (Fla. 1st DCA 1990), with Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988). However, it must be noted that the necessarily lesser included offense question was not the primary issue in Royal, and we did not expressly overrule Baker. In any event, we hereby reiterate that aggravated assault is not a category-one necessarily lesser included offense of armed robbery. As a consequence, once the court below concluded that the robbery of Smith could not stand, the court was not at liberty under section 924.34 to reduce the conviction to the category-two permissive lesser included offense of aggravated assault.
*806 We quash the decision below to the extent that it required the entry of a judgment of conviction for aggravated assault. We do not choose to address Taylor's remaining arguments. We recede from Royal to the extent that it is inconsistent with this opinion.
It is so ordered.
OVERTON, McDONALD, SHAW, KOGAN and HARDING, JJ., concur.
BARKETT, C.J., concurs in result only.