898 So.2d 1152 (2005)
Terrance Lamar WARD, Appellant,
v.
STATE of Florida, Appellee.
No. 5D04-2128.
District Court of Appeal of Florida, Fifth District.
April 1, 2005.
James S. Purdy, Public Defender, and Scott Ragan, Assistant Public Defender, Daytona Beach, for Appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Belle B. Schumann, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, J.
Terrance Lamar Ward appeals his judgment and sentence for robbery with a firearm,[1] aggravated assault with a firearm,[2] *1153 and grand theft.[3]
At trial, the victim, Larry Moore, testified that he met a female who invited him to a party. He agreed to follow the female in his vehicle. Moore and the female stopped in a parking lot and began talking when Ward appeared with a gun pointed at Moore's vehicle and yelled for Moore to exit the vehicle. The female, Jennifer Ann Fritchy, snatched Moore's keys out of the ignition, and Moore exited the vehicle. Moore testified that Ward and Fritchy took approximately $300 in cash from his pocket and a radio/CD player from his car. Ward and Fritchy were apprehended a short time after the robbery and were identified by Moore in a show-up.[4] Fritchy pled guilty to robbery with a firearm and testified at Ward's trial that Ward was her codefendant.
Ward was found guilty of robbery with the special finding that he possessed a firearm during the offense. Ward was also found guilty of aggravated assault with the finding that he possessed a firearm during the offense, and was found guilty of grand theft.
Ward contends that double jeopardy precludes him from being convicted for both robbery and grand theft because the property which formed the basis of both counts was the same and both counts arose out of the same criminal episode. The state concedes that the victim was the same for both offenses, and that the objects of the grand theft and robbery, U.S. currency and a radio/CD player, were the same. Additionally, the robbery and grand theft offenses were committed against Moore at the same location. We agree that it was improper to convict Ward of both offenses. See Elozar v. State, 825 So.2d 490 (Fla. 5th DCA 2002) (holding that it was improper to convict the defendant of grand theft and robbery of the same property taken at the same time from the same person, as was conceded by the state); see also Oliver v. State, 842 So.2d 259 (Fla. 5th DCA 2003) (double jeopardy barred dual convictions for robbery and petit theft that were based on the taking of a cash drawer containing cash from the clerk during the same incident).
We disagree, however, with Ward's argument that the aggravated assault with a firearm offense should have been subsumed by the robbery with a firearm offense. In State v. Baker, 452 So.2d 927, 928 (Fla.1984), the defendant was charged with armed robbery and also charged with aggravated assault because he pointed a shotgun at the robbery victim. Id. The Florida Supreme Court quashed the district court of appeal's decision that the aggravated assault charge was a necessarily lesser included offense of armed robbery. Id. In finding that the trial court properly convicted the defendant for aggravated assault and armed robbery, the court stated:
In virtually every case of armed robbery, the deadly weapon carried by the perpetrator is the means by which he induces "force, violence, assault, or putting in fear," one of the elements of any robbery, armed or unarmed. However, the statutory element which enhances punishment for armed robbery is not the use of the deadly weapon, but the mere fact that a deadly weapon was carried by the perpetrator. The victim may never even be aware that a robber is armed, so long as the perpetrator has the weapon in his possession during the offense. For double jeopardy purposes, this Court is bound to consider only the statutory elements of the offenses, not the allegations or proof in a particular *1154 case. Where an offense is not a necessarily lesser included offense, based on its statutory elements, the intent of the legislature clearly is to provide for separate convictions and punishments for the two offenses.
Id. at 929 (citations omitted). See also Taylor v. State, 608 So.2d 804 (Fla.1992) (explaining the court did not expressly overrule Baker and reiterating that aggravated assault with a deadly weapon was not a lesser included offense of armed robbery); Owens v. State, 626 So.2d 240 (Fla. 2d DCA 1993) (concluding that Taylor makes it clear that there is no double jeopardy prohibition against convictions for aggravated assault and armed robbery); Cave v. State, 613 So.2d 454 (Fla.1993) (defendant could lawfully be tried and sentenced for armed robbery and aggravated battery and there was no double jeopardy because each crime contained an element not contained in the other).
We reverse the sentence and conviction for grand theft. Because vacating the conviction for grand theft does not affect Ward's sentence, he need not be resentenced.
AFFIRMED in part; REVERSED in part.
PALMER and ORFINGER, JJ., concur.
NOTES
[1] § 812.13(2)(a), Fla. Stat.
[2] § 784.021(1)(a), Fla. Stat.
[3] § 812.014(2)(c), Fla. Stat.
[4] Ward has not appealed the constitutionality of the identification.