PER CURIAM.
Claude Bell appeals from his convictions and sentences, entered following guilty verdicts on three counts of aggravated assault with a firearm, two counts of robbery with a firearm and one count of attempted robbery with a firearm. The only argument on appeal is that the aggravated assault convictions violate double jeopardy because they are subsumed within the robbery convictions. Although all of the counts arose from a single criminal act— robbing three victims at gunpoint — the aggravated assault with a firearm counts do not violate double jeopardy because they contain different elements than the robbery with a firearm and attempted robbery with a firearm counts. As such, we affirm.

Facts and Analysis

Bell and a co-defendant robbed three people at gunpoint, taking property from two of them. He was charged, tried, and convicted of three counts of aggravated *230 assault with a firearm,[1] two counts of robbery with a firearm[2] and one count of attempted robbery with a firearm.[3] Additional counts of possession of a firearm by a convicted felon and possession of ammunition by a convicted felon were severed for trial and later nolle prossed. Bell timely appealed.
Bell correctly argues that double jeopardy violations may be raised for the first time on appeal as fundamental error, Bailey v. State, 21 So.3d 147 (Fla. 5th DCA 2009), and that such violations based on undisputed facts are reviewed de novo. McKinney v. State, 66 So.3d 852 (Fla.2011). He also correctly notes that separate convictions for robbery and assault violate double jeopardy, Latimer v. State, 44 So.3d 1239, 1240 (Fla. 5th DCA 2010), and that separate convictions for burglary with assault while armed with a firearm and aggravated assault with a firearm violate double jeopardy. White v. State, 753 So.2d 668, 669 (Fla. 1st DCA 2000).
Although neither of those crime combinations are the same as the ones involved in this case, Bell mistakenly argues that the “principle announced in White ” applies to this case because it is not possible to commit an armed robbery with a deadly weapon without committing an aggravated assault with a deadly weapon. That is not the principle announced in White. Rather, White reasoned that all of the elements of aggravated assault with a firearm are contained within the crime of burglary with assault while armed. Id. Instead, the principle upon which Bell relies was announced in a dissent by Judge Cowart in Akins v. State, 462 So.2d 1161, 1163 (Fla. 5th DCA 1984), as follows:
It is not ‘possible’ to attempt to commit an armed robbery by threatening to do violence with a deadly weapon to a victim if he does not part with the possession of property in his possession without at the same time by the same act also committing an aggravated assault on that victim. Therefore, the two offenses are in law and in fact indistinguishable and it cannot be demonstrated that they are not “the same offense” within the constitutional double jeopardy prohibition.
Bell cites to Akins, but fails to indicate that he is relying on a dissent to a per curiam affirmance. Moreover, the principles are not the same, as the prevailing double jeopardy principle announced in White compares the elements of the respective crimes, while Judge Cowart’s dissent focused on the criminal acts. See McKinney, 66 So.3d at 854 (“There is no constitutional prohibition against multiple punishments for different offenses arising out of the same criminal transaction as long as the Legislature intends to authorize separate punishments.”).
Bell also fails to acknowledge cases directly on point from both the Florida Supreme Court and this court upholding convictions arising from a single criminal act for robbery with a firearm and aggravated assault with a firearm, against a double jeopardy challenge. The State correctly notes that in State v. Baker, 452 So.2d 927 (Fla.1984), the Florida Supreme Court rejected the defendant’s double jeopardy challenge to his convictions for armed robbery and aggravated assault with a deadly weapon, which both arose from the defen *231 dant’s robbing a victim at gunpoint. The Court explained:
In virtually every case of armed robbery, the deadly weapon carried by the perpetrator is the means by which he induces “force, violence, assault, or putting in fear,” one of the elements of any robbery, armed or unarmed. However, the statutory element which enhances punishment for armed robbery is not the use of the deadly weapon, but the mere fact that a deadly weapon was carried by the perpetrator. The victim may never even be aware that a robber is armed, so long as the perpetrator has the weapon in his possession during the offense. For double jeopardy purposes, this Court is bound to consider only the statutory elements of the offenses, not the allegations or proof in a particular case. Bell. Where an offense is not a necessarily lesser included offense, based on its statutory elements, the intent of the legislature clearly is to provide for separate convictions and punishments for the two offenses. § 775.021(4), Fla. Stat. (1979). The trial court therefore properly convicted and sentenced Baker for both counts I and II.
Id. at 929.
Two years later, in Royal v. State, 490 So.2d 44 (Fla.1986), the Florida Supreme Court held that defendants could not be convicted of robbery with a firearm based on force exerted after a theft. It remanded for entry of judgments for aggravated assault with a firearm, “which is a necessarily lesser included offense of robbery with a firearm ...” Id. at 46. Based on the above quote, several district court cases, including ones from this court, concluded that Royal overruled sub silentio Baker’s holding that separate convictions for those crimes, arising from a single criminal act, did not violate double jeopardy. See, e.g., Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1998).
However, in 1992, the Florida Supreme Court clarified that Royal did not overrule Baker. Taylor v. State, 608 So.2d 804, 805 (Fla.1992). After reciting the above-quoted reasoning from Baker, the court stated:
We acknowledge that our opinion in Royal v. State placed this rationale in doubt. Compare Brown v. State, 569 So.2d 1820 (Fla. 1st DCA 1990), with Wright v. State, 519 So.2d 1157 (Fla. 5th DCA 1988). However, it must be noted that the necessarily lesser included offense question was not the primary issue in Royal, and we did not expressly overrule Baker. In any event, we hereby reiterate that aggravated assault is not a category-one necessarily lesser included offense of armed robbery.
Id. Since that clarification, the district courts have uniformly held that separate convictions for robbery with a firearm and aggravated assault with a firearm do not violate double jeopardy. See Ward v. State, 898 So.2d 1152, 1158 (Fla. 5th DCA 2005); Delaney v. State, 673 So.2d 541 (Fla. 3d DCA 1996); Owens v. State, 626 So.2d 240, 242 (Fla. 2d DCA 1993), rev. denied, 634 So.2d 626 (Fla.1994); Stone v. State, 616 So.2d 643 (Fla. 4th DCA 1993). Bell failed to acknowledge any of these cases.[4]

Conclusion

We caution counsel that the most basic tenets of professionalism in appellate prac *232 tice require more than this of a practitioner.
AFFIRMED.
PALMER, LAWSON and COHEN, JJ., concur.

. §§ 784.021(l)(a) and 775.087(2), Fla. Stat. (2010).

. §§ 812.13(2)(a) and 775.087(2), Fla. Stat. (2010).

.§§ 812.13(2)(a), 777.04, and 775.087(2), Fla. Stat. (2010).

. In addition to failing to acknowledge binding precedent contrary to his argument and instead citing a dissent in support of his argument, without noting it as a dissent, Bell’s counsel has previously raised the same challenge before this court at least once without success. See Vargo v. State, 717 So.2d 153 (Fla. 5th DCA 1998).