**Richard SIERRA, Petitioner–Appellant,**

**v.**

**Secretary, FLORIDA DEPARTMENT OF CORRECTIONS, Attorney General, State of Florida, Respondents–Appellees.**

**No. 15–10218**
**Non–Argument Calendar**

United States Court of Appeals, Eleventh Circuit.

Date Filed: 07/26/2016

---

3. We find Pepper's remaining arguments lack merit.

**850**

Leland H. Kynes, Law Office of Lee Kynes, Esq., Atlanta, GA, for Petitioner–Appellant.

Pamela J. Koller, Pam Bondi, Attorney General's Office, Daytona Beach, FL, for Respondents–Appellees.

Before CARNES, Chief Judge, WILLIAM PRYOR, and FAY, Circuit Judges.

PER CURIAM:

Richard Sierra, a Florida prisoner, appeals the denial of his 28 U.S.C. § 2254 petition. He contends that his trial counsel was ineffective for advising him that, if he went to trial and was found guilty, the court would have no option but to sentence him to life imprisonment. He argues that nothing was said during his plea colloquy to correct the incorrect advice he received about the consequences of going to trial. He asserts that if counsel had not given him the incorrect advice, he would have gone to trial instead of pleading guilty.

In 2009 Sierra entered a written, open plea agreement. He pleaded no contest to one count of kidnapping with the intent to commit a felony with a firearm and one count of robbery with a firearm, and the State entered a nolle prosequi on two counts of aggravated assault with a firearm. Sierra was also charged with violating his probation, which he admitted. He was sentenced to a total term of twenty-five years imprisonment.

Sierra sought post-conviction relief under Florida Rule of Criminal Procedure 3.850, which the state court denied. The court also denied his motion for rehearing, finding that he could not demonstrate prejudice because he could not have reasonably relied on advice about facing a mandatory life sentence at trial based on what the court told him at the plea colloquy regarding the possible sentences for his crimes. The state appellate court affirmed the denial of relief.

Sierra later filed a § 2254 petition in the district court, raising four claims. On the claim at issue here, the court found that Sierra had failed to show that his counsel acted unreasonably or that he was prejudiced. It dismissed his petition and denied a certificate of appealability. We granted a certificate of appealability on this issue:

> Whether trial counsel was constitutionally ineffective for advising Mr. Sierra that if he did not plead guilty and was convicted at trial, the trial court had no other option but to sentence him to life imprisonment.

When a state court has adjudicated a claim on the merits, AEDPA precludes federal habeas relief unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) ... was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). To establish entitlement to relief, Sierra "must show that no fairminded jurist could agree with the state court's decision on an issue of federal law or on an issue of fact." Lynch v. Sec'y, Fla. Dep't of Corr., 776 F.3d 1209, 1217 (11th Cir. 2015) (quotation marks omitted). In the "rare case in which the petitioner has met the requirement of § 2254(d)(2) by showing the state courts made an unreasonable factual determination, we review [the] claim de novo, without deference to the [state court's] decision." Jones v. Walker, 540 F.3d 1277, 1288 (11th Cir. 2008) (en banc).

To succeed on his claim, Sierra also "must prove that: (1) counsel's advice was deficient; and (2) 'but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Lynch, 776 F.3d at 1218 (quoting Hill v. Lockhart, 474 U.S. 52, 58–59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985)). "Moreover, to obtain relief on this type of claim, [he] must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010).

In its order denying Sierra's motion to reconsider, the state collateral court noted that during Sierra's plea colloquy he was informed that the crimes he was charged with committing were punishable by sentences of "up to life imprisonment." Based on that, the court concluded that Sierra could not have reasonably relied on any incorrect advice that a life sentence was mandatory. The court pointed to the following exchange in the plea transcript:

THE COURT: Okay. The kidnapping charge is a life felony, which is punishable by up to life imprisonment, probation for up to life, and/or a fine of up to $15,000. Your charge of robbery with a firearm is a first-degree felony punishable by up to life imprisonment, probation for up to life, and/or a fine of up to $10,000. Do you understand that, sir?

THE DEFENDANT: Yes.

THE COURT: Ok. [Defense counsel] has handed me an admission form in [the probation violation case]. In that case, you were placed on probation for possession of alprazolam, which is a third-degree felony punishable by up to five years in state prison, five years probation, and/or a fine of up to $5000. Do you understand?

THE DEFENDANT: Yes.

* * *

THE COURT: Do you understand that if you enter this plea and this admission, the sentence to be imposed is entirely up to the court, and the court could impose any sentence which could be up to life imprisonment?

THE DEFENDANT: Yes.

The record establishes that Sierra was informed about the range of possible sentences for the crimes he had committed. He argues, however, that the state court unreasonably determined that the information provided during the plea colloquy cured the incorrect advice he received from his lawyer. Sierra asserts that because the court's statements were made in the context of a guilty plea, they did nothing to dispel his misconception about facing a mandatory life sentence if he went to trial. He argues that counsel's advice gave him the impression that guilty pleas and

guilty verdicts result in separate sentencing schemes and because of that, he could not accurately weigh the consequences of going to trial instead of entering a guilty plea.

Even assuming that is correct, and even assuming that the state court's decision involved an unreasonable determination of the facts in light of the evidence presented, see Jones, 540 F.3d at 1288, under any standard of review Sierra's claim fails because he cannot show prejudice. A petitioner who has no viable trial defenses cannot establish prejudice from counsel's advice to plead guilty. See Lynch, 776 F.3d at 1218–19. Sierra does not dispute the State's assertion that there was overwhelming evidence of his guilt, including a video recording of Sierra and a codefendant robbing a pawnshop, holding two employees at gunpoint, and binding their hands. There was also evidence that Sierra possessed some of the recently stolen property. Sierra asserts that he had some valid defenses, but he does not say what they are. He also asserts that a jury might have convicted him of lesser included offenses warranting a lower sentence, particularly because his codefendant was indisputably the one who carried the firearm during the robbery. Sierra did not carry a firearm.

Under Florida law, a person who participates in a common criminal scheme with another is guilty of all crimes committed in furtherance of that scheme, regardless of physical participation. See Lovette v. State, 636 So.2d 1304, 1306 (Fla. 1994); Jacobs v. State, 396 So.2d 713, 716 (Fla. 1981). The fact that Sierra was not the robber who carried the firearm does not diminish his guilt for the charged crimes. See Freeny v. State, 621 So.2d 505, 506 (Fla. 5th DCA 1993) (holding that "possession of a firearm by a codefendant is sufficient to convict a defendant of armed robbery, pursuant to the principal theory").

With a video recording of the crime and no valid defenses, it would not have been rational for Sierra to have rejected the plea agreement and proceeded to trial. See Diveroli v. United States, 803 F.3d 1258, 1265 (11th Cir. 2015) (explaining that it would not have been rational for the defendant to have rejected his plea agreement because of the evidence of his guilt and the lack of any valid defenses). And if Sierra had decided to proceed to trial instead of pleading guilty, the State might well have chosen not to enter a nolle prosequi on the two counts of aggravated assault with a firearm as it had promised to do in the plea agreement. See Taylor v. State, 608 So.2d 804, 805 (Fla. 1992) (holding that "aggravated assault is not a category-one necessarily lesser included offense of armed robbery"). Because he has failed to show he was prejudiced by counsel's advice to plead guilty, he is not entitled to relief.[1]

**AFFIRMED.**

---

1. Sierra has requested an evidentiary hearing. Because he has not sufficiently alleged facts that, if true, would entitle him to relief, an evidentiary hearing is not required. See Schriro v. Landrigan, 550 U.S. 465, 474, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007) (holding that, where "the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing").