# Third District Court of Appeal

## State of Florida

Opinion filed September 29, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-938
Lower Tribunal No. F11-8943
_____

**John Aaron Jackson,**
Petitioner,

vs.

**The State of Florida,**
Respondent.

A Case of Original Jurisdiction – Habeas Corpus.

Loren D. Rhoton (Tampa), for petitioner.

Ashley Moody, Attorney General, and Christina L. Dominguez, Assistant Attorney General, for respondent.

Before LOGUE, LINDSEY and HENDON, JJ.

LOGUE, J.

John Aaron Jackson petitions for a writ of habeas corpus. Jackson contends that his appellate counsel was ineffective for failing to raise the argument that he was sentenced twice for the same offense in violation of double jeopardy. For the reasons discussed below, we deny his petition.[1]

## Background

This case arises out of an incident in which Jackson and a co-defendant broke into a home and robbed a drug dealer at gunpoint. Police responded to the scene and gunfire was exchanged. Jackson's co-defendant was shot and apprehended at the scene. Jackson initially escaped but was later arrested based on his co-defendant naming Jackson to the police. Jackson's convictions and sentences stemming from this incident have taken several twists and turns not pertinent to this discussion.[2]

---

[1] Jackson also raised a second ground which we deny without extended discussion. See State v. T.S., 627 So. 2d 1254, 1255 (Fla. 3d DCA 1993) ("[W]here, as here, the prosecuting attorney engages in alleged misconduct which, at worst, is merely negligent or even grossly negligent in nature and is not intentionally designed to provoke a mistrial, double jeopardy does not bar a retrial of the accused for the same offense or offenses when the accused successfully moves for such a mistrial.").

[2] During his first trial, Jackson moved for a mistrial due to a Richardson violation by the State. The trial court granted Jackson's motion but found that the violation was unintentional. At his second trial, he was convicted not only of the crimes at issue in this petition, but also of attempted second degree murder as a lesser included offense of attempted premeditated murder of a law enforcement officer. That conviction was vacated by the trial court pursuant to a motion filed under Florida Rule of Criminal Procedure 3.850

2

Jackson was convicted of home-invasion robbery while carrying a firearm under section 812.135, Florida Statutes (2007). In addition, he was convicted of aggravated assault with a firearm under section 784.021.[3] Jackson appealed his conviction and this Court affirmed. Jackson v. State, 245 So. 3d 929 (Fla. 3d DCA 2018). Jackson now contends his appellate counsel was ineffective for failing to argue that the second conviction is subsumed within the first.

## Analysis

Appellate counsel can be ineffective by failing to raise a double jeopardy violation that has merit. Weitz v. State, 229 So. 3d 872, 874 (Fla. 2d DCA 2017) ("Because a double jeopardy violation constitutes fundamental error that may be raised for the first time on appeal, the failure

---

because the statute establishing the crime had not been enacted when Jackson committed the offense. This Court affirmed the trial court's decision in that regard. Jackson v. State, 317 So. 3d 1151 (Fla. 3d DCA 2021) (table).

[3] This second conviction was a category-two lesser included offense stemming from the charge of armed robbery while committing a burglary under section 810.02(2)(a). Taylor v. State, 608 So. 2d 804, 805 (Fla. 1992) ("We pointed out that when the commission of one offense always results in the commission of another, the latter offense is a category-one necessarily lesser included offense. If the lesser offense has at least one statutory element not contained in the greater, it cannot be a category-one necessarily lesser included offense. However, such a lesser offense may be a category-two permissive lesser included offense if its elements are alleged in the accusatory pleading and proven at the trial.").

to raise a double jeopardy violation on appeal can constitute ineffective assistance of appellate counsel.") (citations omitted). However, "[i]f a legal issue 'would in all probability have been found to be without merit' had counsel raised the issue on direct appeal, the failure of appellate counsel to raise the meritless issue will not render appellate counsel's performance ineffective." Rutherford v. Moore, 774 So. 2d 637, 643 (Fla. 2000) (quoting Williamson v. Dugger, 651 So. 2d 84, 86 (Fla. 1994)).

The Double Jeopardy Clause of the Fifth Amendment provides that "[n]o person shall . . . be subject for the same offence to be twice put in jeopardy of life or limb." Amend. V, U.S. Const. Similarly, the Florida Constitution provides that "[n]o person shall . . . be twice put in jeopardy for the same offense." Art. I, § 9, Fla. Const. "The scope of the Double Jeopardy Clause is the same under both the United States and Florida Constitutions." Gil v. State, 118 So. 3d 787, 791–92 (Fla. 2013) (citing Trotter v. State, 825 So. 2d 362, 365 (Fla. 2002)).

Among other things, the Double Jeopardy Clause "protects against multiple punishments for the same offense." Ohio v. Johnson, 467 U.S. 493, 497–99 (1984) (quoting Brown v. Ohio, 432 U.S. 161, 165 (1977)). As explained by the United States Supreme Court, this "component of double jeopardy—protection against cumulative punishments—is designed to

4

ensure that the sentencing discretion of courts is confined to the limits established by the legislature." Id. at 499. "Because the substantive power to prescribe crimes and determine punishments is vested with the legislature, the question under the Double Jeopardy Clause whether punishments are 'multiple' is essentially one of legislative intent." Id. (internal citations and footnote omitted).

Legislative intent in this regard generally "depends on whether each offense requires proof of an element the other does not." Roughton v. State, 185 So. 3d 1207, 1209 (Fla. 2016). See § 775.021(4)(a), Fla. Stat. (2020) ("[O]ffenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial."). In making this analysis, "this Court is bound to consider only the statutory elements of the offenses, not the allegations or proof in a particular case." State v. Baker, 452 So. 2d 927, 929 (Fla. 1984).

Jackson argues that his conviction for aggravated assault with a firearm should be vacated because he was convicted of this crime only as the lesser included offense of burglary with an assault or battery with a firearm. Indeed, had Jackson been convicted of armed burglary with an assault or battery, such a conviction may have been subsumed into the

home-invasion robbery conviction.[4] Nevertheless, as mentioned above, a double jeopardy analysis focuses on the statutory elements of the crime for which the defendant was convicted. Baker, 452 So. 2d at 929. We therefore turn to analyze the statutory elements of Jackson's convictions for home-invasion robbery while carrying a firearm and aggravated assault with a firearm.

The statutory elements for home-invasion robbery while carrying a firearm or other deadly weapon require only that the defendant carry, not use or display, a firearm. § 812.135(2)(a), Fla. Stat.; see also Baker, 452 So. 2d at 929 ("[T]he statutory element which enhances punishment for armed robbery is not the *use* of the deadly weapon, but the mere fact that a deadly weapon was *carried* by the perpetrator. The victim may never even be aware

---

[4] State v. Tuttle, 177 So. 3d 1246, 1252–53 (Fla. 2015) (determining which of two convictions for attempted armed home-invasion robbery and armed burglary was the greater offense for double jeopardy purposes); Coleman v. State, 956 So. 2d 1254, 1256–57 (Fla. 2d DCA 2007) ("[C]onvictions and sentences for home-invasion robbery and armed burglary of a dwelling cannot both stand."); Mendez v. State, 798 So. 2d 749, 750 (Fla. 5th DCA 2001) ("The crime of burglary of a dwelling with an assault or battery is subsumed by the offense of home invasion robbery."); Weiss v. State, 720 So. 2d 1113, 1113 (Fla. 3d DCA 1998) (agreeing with the State's concession that convictions for home invasion robbery and burglary with an assault violate double jeopardy).

that a robber is armed, so long as the perpetrator has the weapon in his possession during the offense.") (emphasis in original).

On the other hand, the statutory elements for aggravated assault with a deadly weapon under section 784.021(1)(a), require more than simply carrying the weapon. It requires the assault be made "[w]ith a deadly weapon," meaning the weapon must be somehow used. See Bell v. State, 114 So. 3d 229, 230–31 (Fla. 5th DCA 2013). In short, focusing on the elements of the crimes as defined in the statutes, a person can commit a home-invasion robbery while carrying a firearm without committing an aggravated assault with a firearm; and a person can commit an aggravated assault with a firearm without committing a home-invasion robbery while carrying a firearm. For this reason, separate convictions for these crimes, arising from a single criminal act, do not violate double jeopardy.

Because the double jeopardy claim would not have been successful, Jackson's prior appellate counsel was not ineffective for failing to raise it. Rutherford, 774 So. 2d at 643–44.

Petition denied.