[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13305

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MARTY EUGENE DAYS, JR.,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 5:22-cr-00023-JA-PRL-1

_____

Before LAGOA, ABUDU, and ANDERSON, Circuit Judges

PER CURIAM:

Marty Eugene Days, Jr. appeals his 27-month sentence for possession of ammunition by a felon. Days first argues that the district court improperly enhanced his offense level by considering his prior Florida conviction for attempted armed robbery a "crime of violence" under U.S.S.G. § 2K2.1(a)(4)(A) when it no longer qualifies as a predicate "crime of violence" in light of *United States v. Taylor*, 142 S. Ct. 2015 (2022), and *United States v. Dupree*, 57 F.4th 1269 (11th Cir. 2023) (*en banc*). Next, he argues that his due process rights were violated when the district court imposed specific conditions of supervised release in its written judgment but did not pronounce those conditions in its oral sentence. The government concedes that Days is right as to his first argument. Because we agree with the parties that Days' Florida conviction for attempted armed robbery is not a "crime of violence" under § 2K2.1(a)(4)(A)[1], we vacate Days' sentence and remand the case for resentencing under the proper Sentencing Guidelines calculation.

## I.

In May 2022, a grand jury returned a single-count indictment charging Days with possession of ammunition by a felon, in

---

[1] In *United States v. Metzler*, No. 22-13759, 2023 WL 746643 (11th Cir. Sept. 6, 2023), this Court also concluded that a prior conviction for attempted strong arm robbery in Florida is not a "crime of violence" under the Sentencing Guidelines.

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  On June 26, 2022, Days entered a guilty plea to the indictment.

Before sentencing, a probation officer prepared a presentence investigation report ("PSI").  The PSI assigned Days a base offense level of 20 under U.S.S.G. § 2K2.1(a)(4)(A) due to his prior conviction of attempted armed robbery in Florida in 2007.  Particularly, the PSI noted that Days "was adjudicated guilty of Attempt to Commit Robbery While Armed With a Deadly Weapon in Alachua County Circuit Court, under docket number 2007-CF-1050."  The PSI decreased his offense level by three for acceptance of responsibility under §§ 3E1.1(a) and (b), resulting in a total offense level of 17.

Days objected to the PSI's base offense level calculation of 20, arguing that his prior conviction for attempted armed robbery did not qualify as a "crime of violence" under U.S.S.G. § 2K2.1 based on the Supreme Court's decision in *Taylor*.  He argued that attempted armed robbery is not a "crime of violence" as defined by U.S.S.G § 4B1.2(a)(1) under the elements clause because the crime does "not categorically require the use, attempted use, or threatened use of force."  He also argued that attempted armed robbery is not a "crime of violence" as defined by U.S.S.G § 4B1.2(a)(2) under the enumerated-crimes clause because while robbery is enumerated by the Sentencing Guidelines, attempted robbery is not. Finally, Days argued that a 12-month sentence was appropriate given the offense and circumstances.

At the sentencing hearing, the district court acknowledged that Supreme Court's reasoning in *Taylor* appeared to mirror Days' argument that his prior conviction for attempted armed robbery was not a "crime of violence" under the Sentencing Guidelines. Still, the district court overruled Days' objection, explaining that it was bound by precedent from the Eleventh Circuit and that this case was different from *Taylor* because Days' case concerned the Sentencing Guidelines, while *Taylor* concerned the application of 18 U.S.C. § 924(c)(3)(A). The district court found that Days had a total offense level of 17, a criminal history category of II, and an advisory guidelines sentence of 27 to 33 months' imprisonment. After discussion, the district court sentenced Days to 27 months' imprisonment, followed by one year of supervised release. The district court also ordered that Days comply with the "mandatory and standard conditions adopted by the Court in the Middle District of Florida" and other "special conditions." The written judgment listed four mandatory conditions, thirteen standard conditions, and one additional condition of supervised release.

Days timely appealed his sentence.

## II.

We review the interpretation and application of the Sentencing Guidelines *de novo*. *Dupree*, 57 F.4th at 1272. We also "review *de novo* whether a defendant's prior conviction qualifies as a crime of violence under the Sentencing Guidelines." *United States v. Palomino Garcia*, 606 F.3d 1317, 1326 (11th Cir. 2010) (quotation marks omitted). A concession of law is not binding on this Court. *United*

*States v. Colston*, 4 F.4th 1179, 1187 (11th Cir. 2021).  Likewise, we need not accept the government's concession of error "when the law and record do not justify it."  *United States v. Linville*, 228 F.3d 1330, 1331 n.2 (11th Cir. 2000).

## III.

On appeal, Days argues that his attempted Florida armed robbery conviction is not a "crime of violence" post-*Taylor* and *Dupree*.  The government concedes this point and similarly recommends vacatur of Days' sentence and remand for resentencing.

Under U.S.S.G. § 2K2.1(a)(4)(A), a defendant is assigned a Base Offense Level of 20 if he "committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense."  The Commentary to § 2K2.1 provides that "crime of violence" has the meaning given that term in § 4B1.2(a) and Application Note 1 of the Commentary to § 4B1.2.  U.S.S.G. § 2K2.1, comment. n.1.  Section 4B1.2(a), in turn, defines a "crime of violence" as any offense under federal or state law punishable by at least one-year imprisonment that:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession

> of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

*Id.* § 4B1.2(a)(1)-(2). The first clause is known as the "elements clause," and the second is known as the "enumerated crimes" clause. *United States v. Fritts*, 841 F.3d 937, 939 (11th Cir. 2016). An offense punishable by at least one-year imprisonment is a "crime of violence" when it satisfies either the elements clause or the enumerated crimes clause. *Id.*

> Under Florida law, robbery is defined as:

> the taking of money or other property which may be the subject of larceny from the person or custody of another, with intent to either permanently or temporarily deprive the person or the owner of the money or other property, when in the course of the taking there is the use of force, violence, assault, or putting in fear.

Fla. Stat. § 812.13(1).

Florida's attempt statute states that "[a] person who attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such offense, but fails in the perpetration or is intercepted or prevented in the execution thereof, commits the offense of criminal attempt." *Id.* § 777.04(1).

To support a conviction for attempted robbery under Florida law, "the State must show that the accused formed the intent to take the victim's property and committed some overt act to accomplish that goal." *Fornier v. State*, 827 S.2d 399, 400-01 (Fla. Dist.

Ct. App. 2002). "The overt act necessary to fulfill the requirements of attempted robbery, or an attempt to commit a crime, must be adapted to effect the intent to commit the crime; it must be carried beyond mere preparation, but it must fall short of executing the ultimate design." *Mercer v. State*, 347 So. 2d 733, 734 (Fla. Dist. Ct. App. 1977). As for attempted armed robbery, "the statutory element which enhances punishment for armed robbery is not the use of the deadly weapon, but the mere fact that a deadly weapon was carried by the perpetrator." *State v. Baker*, 452 So. 2d 927, 929 (Fla. 1984) (emphasis omitted).

We previously held that attempted robbery in Florida is a crime of violence under both § 4B1.2(a)'s elements clause and enumerated clause. *Lockley*, 632 F.3d at 1246. In *Lockley*, we held that Florida attempted robbery was a "crime of violence" within the meaning of the career offender enhancement in the Guidelines. 632 F.3d 1238, 1246 (11th Cir. 2011). We concluded that robbery under Fla. Stat. § 812.13(1) also qualified as a crime of violence under the elements clause because it "requires either the use of force, violence, a threat of imminent force or violence coupled with apparent ability, or some act that puts the victim in fear of death or great bodily harm." *Id.* at 1245. And we held that robbery under Fla. Stat. § 812.13(1) categorically qualified as a crime of violence under the enumerated crimes because it met the generic definition of robbery. *Id.* at 1242-45. Thus, we concluded that a prior conviction qualifies as a crime of violence if the defendant was convicted of attempting to commit an enumerated offense or if "the use,

attempted use, or threatened use of physical force against another was an element of the offense." *Id.* at 1241.

The government and Days argue that *Lockley* has been abrogated by recent decisions. Under the prior panel precedent rule, we are bound by prior published decisions that have not been overruled by the Supreme Court or this Court *en banc*. *United States v. Romo-Villalobos*, 674 F.3d 1246, 1251 (11th Cir. 2012). A subsequent Supreme Court or *en banc* decision "must be clearly on point and must actually abrogate or directly conflict with, as opposed to merely weaken, the holding of the prior panel." *United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019) (quotation marks omitted). Since *Lockley*, we have held that commentary to § 4B1.2 cannot expand the text when the guideline's text is not "genuinely ambiguous." *See Dupree*, 57 F.4th at 1274. Also, since *Lockley*, the Supreme Court has held that a crime is only a "crime of violence" under the elements clause of the identically-worded Armed Career Criminal Act when the government must prove, as an element of its case, "the use, attempted use, or threatened use of force." *Taylor*, 142 S.Ct. at 2020. In *Taylor*, the Supreme Court held that attempted Hobbs Act robbery does not qualify as a predicate crime of violence under § 924(c)(3)(A)'s "elements clause."[2] *Taylor*, 142 S. Ct. at 2019-21. At the outset, the Supreme Court noted that,

---

[2] Like the elements clause of § 4B1.2, the elements clause of § 924(c) provides that a crime of violence is a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A).

under the applicable categorical approach, the facts of a particular defendant's case are immaterial, because the "only relevant question is whether the federal felony at issue always requires the government to prove—beyond a reasonable doubt, as an element of its case—the use, attempted use, or threatened use of force." *Id.* at 2020.

The Supreme Court then explained that, to prove attempted Hobbs Act robbery, the government must show that the defendant intended to unlawfully take or obtain personal property using actual or threatened force and completed a "substantial step" toward that end. *Id.* But the Supreme Court noted that, while the government would have to show that the defendant took an "unequivocal" and "significant" step toward committing robbery, the government need not show that the defendant actually used, attempted to use, or even threatened to use force, as required by § 924(c). *Id.* at 2020–21. The Supreme Court stressed that "an intention to take property by force or threat, along with a substantial step toward achieving that object, . . . is just that, no more." *Id.* at 2020. In a hypothetical, the Supreme Court stated that a defendant apprehended before reaching his robbery victim could be convicted of attempted Hobbs Act robbery, even though he had not yet engaged in threatening conduct, so long as the government had other evidence of his intent and a substantial step. *Id.* at 2020–21. Accordingly, the Supreme Court held that attempted Hobbs Act robbery was not a crime of violence under the text of § 924(c)(3)(A). *Id.* at 2021.

The same analysis applies to Florida attempted armed robbery. The crime has three elements: (1) taking money or property from another; (2) "with intent to either permanently or temporarily deprive the owner" of it; (3) while using "force, violence, assault, or putting [the owner] in fear." Fla. Stat. § 812.13. An attempted robbery occurs when a person "attempts to commit [the] offense . . . and in such attempt does any act toward the commission of [the] offense, but fails in the perpetration or is intercepted or prevented in the execution thereof." Fla. Stat. § 777.04(1). Just like Hobbs Act attempted robbery, Florida attempted armed robbery requires only the formation of an intent to take money or property of another and an act taken toward that goal. And the carrying of a weapon, not the use, attempted use, or threatened use of that weapon, is the only requirement for the weapon enhancement for attempt. *Baker*, 452 So. 2d 927, 929. Because the crime does not require the use, attempted use, or threatened use of force, Florida attempted robbery cannot satisfy the elements clause.

Second, Florida attempted armed robbery does not satisfy the enumerated clause. In *Dupree*, we held that the enumerated crimes clause in the Sentencing Guidelines' related definition of a "controlled substance offense" did not include the inchoate offenses referenced in the Guidelines commentary. 57 F.4th at 1277–1280. We noted that the "[t]he commentary in Application Note 1 to § 4B1.2 adds that the term 'controlled substance offense include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses.'" *Id.* at 1273 (quoting U.S.S.G. § 4B1.2(b) comment. n.1.). To determine whether courts are

bound by the commentary's interpretation of the Sentencing Guidelines, we relied on *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019), which stated that a court only needed to afford deference to an agency's interpretation of its own regulations if the language of the regulation is "genuinely ambiguous." *Id.* at 1274. *Kisor* also instructs that, before a court may determine that an ambiguity exists, it must use all the tools of statutory construction, and if uncertainty does not exist after applying those tools, deference cannot be granted to the commentary. *Id.* at 1274-75.

Proceeding on that basis, we applied the traditional tools of statutory interpretation and concluded that "the plain language definition of 'controlled substance offense' in § 4B1.2 unambiguously excludes inchoate offenses." *Id.* at 1277. We explained that "[t]he exclusion of inchoate crimes from the definition of what the term 'means' is a strong indicator that the term does not include those offenses." *Id.* We noted that the Sentencing Guidelines define a "crime of violence" as one including the use and attempted use of physical force and explained that the proximity of the crime of violence provision to the controlled substances provision evidenced the Sentencing Commission's intentional omission of inchoate offenses from the controlled substance offense provision. *Id.* at 1278. Accordingly, the enumerated crimes clause unambiguously covers only completed offenses. Without ambiguity in the text of the Sentencing Guidelines, we will not defer to the Sentencing Commission's contrary interpretation in the commentary. Because the crime is not included in the enumerated list, Florida attempted armed robbery cannot satisfy the enumerated clause.

In addition, our recent decision in *United States v. Metzler*, No. 22-13759, 2023 WL 5746643 (11th Cir. Sept. 6, 2023) is controlling.  In *Metzler*, we held that our *Lockley*  decision was abrogated by the Supreme Court's *Taylor* decision and our decision in *Dupree*. We thus conclude that the district court erred when it imposed an enhancement to Days' Guidelines calculation because a prior Florida conviction for attempted armed robbery does not qualify as a crime of violence under U.S.S.G. § 4B1.2's elements clause or the enumerated crimes clause.  Further, because the district court will be able to reconsider whether to impose certain conditions of supervised release after allowing Days an opportunity to be heard, we need not reach Days' remaining argument on that point.

## IV.

For these reasons, Days' sentence is vacated, and this case is remanded for resentencing without a "crime of violence" enhancement.

**VACATED and REMANDED for resentencing.**